## 27560. JOHNSON v. JOHNSON.

GUNTER, Justice. Appellant-former husband and appellee-former wife were divorced by decree of Houston County Superior Court in 1967. The decree provided for monthly alimony payments by appellant to appellee. Appellant became delinquent with the monthly alimony payments in 1972, and appellee brought an application for attachment for contempt in the Superior Court of Houston County to enforce payment.

The appellant filed a response to the citation for contempt, and he also filed a separate motion to set aside the divorce decree as being invalid on several grounds. He also prayed that further proceedings in

the contempt matter be stayed pending a determination of the validity of the divorce decree.

On July 28, 1972, the trial judge conducted a hearing on the motion to set aside the divorce decree and on the citation for contempt of court. Thereafter, on August 21, 1972, the trial judge filed two judgments, one denying the motion to set aside the divorce decree and the other holding the appellant in contempt of court. The appellant has come here seeking reversal of both judgments.

The appellant, in his brief, succinctly states the issue to be decided in this appeal as follows: "Essentially the entire question involved in this appeal centers around the validity, or want of validity, of the original divorce decree entered July 28, 1967. If that decree is valid, then there is a basis for these contempt proceedings. If not, then there is no basis for the contempt proceedings."

Code Ann. § 81A-181 provides that the Civil Practice Act is applicable to all divorce and alimony proceedings with respect to relief from judgments and the effect of judgments in such proceedings.

Code Ann. § 81A-160 (f) provides that a judgment void because of lack of jurisdiction of the person or the subject matter may be attacked *at any time*. This statute then provides that "in all other instances, all motions, complaints or other proceedings to set aside or attack judgments shall be brought within three years from entry of the judgment complained of."

Therefore, if the divorce and alimony decree in this case is void because of lack of jurisdiction of the person or the subject matter, then the attack upon it is timely. On the other hand, if this divorce and alimony decree is not void because of lack of jurisdiction of the person or subject matter, then the attack upon it in this case is not timely, because the attack upon it was not made within three years from the entry of the judgment

complained of.

The record in the divorce case concluded in 1967 showed that at that time both the appellant and the appellee were residents of Houston County, Georgia, the jurisdiction in which the divorce decree was rendered. The record shows that the appellee's complaint for divorce was filed on the 23rd day of May, 1967, it alleged the required jurisdictional facts with respect to the person and the subject matter, it was sworn to by appellee, and attached to the complaint was a document denominated "Agreement, Waiver of Service, Process and Consent" executed by both the appellant and the appellee. This document showed the style and number of the case in Houston Superior Court, and it contained an agreement for alimony payments by the appellant to the appellee, and it further contained a request to the court to accept the agreement and make it a part of the final decree of divorce. The appellant in this action has not denied the execution of that document which is a part of the record in the divorce action.

Regardless of what the law may have been prior to the passage of the Civil Practice Act, since the effective date of that statute we hold that in a divorce case, though the parties cannot confer jurisdiction on the court, where the record shows that the parties affirmatively conceded and confirmed the jurisdiction of the court with respect to the person and the subject matter, and the court rendered a divorce decree in the case, neither party can thereafter attack the decree as being void for lack of jurisdiction over the person or the subject matter. After the rendition of the final divorce decree containing an award for alimony in periodic payments, the only way to alter the alimony award is pursuant to our modification statute, Code Ann. § 30-220.

The divorce and alimony decree rendered in 1967 is not

subject to attack in this case on the ground that the court lacked jurisdiction over the person or the subject matter. All other attacks on the decree in this case come too late, because they were not brought within three years from the entry of the judgment complained of. Code Ann. § 81A-160 (f).

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 13, 1972 — DECIDED FEBRUARY 22, 1973 — REHEARING DENIED MARCH 8, 1973.

*Eugene C. Black, John L. Tracy,* for appellant.

*Walker & Richardson, Lawrence C. Walker, Jr.,* for appellee.