## 29024. BRADLEY v. DOCKERY.

NICHOLS, Presiding Justice.

On July 24, 1970 Kenneth W. Bradley acknowledged service in a divorce action filed by his wife and expressly waived all other and further notice or service including process and copy of petition. At such time he also signed an agreement that such case could be submitted to the court and a verdict and judgment taken thereon at any time after the appearance day of such case thirty days after service of said petition. The divorce action alleged that the plaintiff was a resident of Union County, Georgia and had been for more than six months prior to filing the petition and that the defendant was a resident of Union County, Georgia and as such subject to the jurisdiction of the court. A divorce was sought as well as custody of the couple's minor child and child support. On August 28, 1972 the wife's prayers for divorce were granted, she was given custody of the couple's minor child and child support in the sum of $25 per week was awarded. In November 1973 the former wife sought to have the former husband held in contempt of court for failure to pay child support in accordance with the divorce decree. In response to the citation seeking to hold the husband in contempt of court he filed a defense in which he contended that the divorce decree was null and void and without legal force since at the time that the action was commenced he was not a resident of Union County, Georgia, and that the proper venue of the divorce action at the time that it was commenced was Cobb County where he resided with intent to remain indefinitely.

After hearing evidence the trial court found against the former husband's contention that the divorce decree was void and that the former husband was in contempt of court for failure to make the required child support payments. The appeal is from this judgment.

The sole defense to the citation for contempt is that the divorce decree was null and void. If the divorce decree is not subject to the appellant's attack then the judgment holding the former husband in contempt of court was authorized.

"Regardless of what the law may have been prior to the passage of the Civil Practice Act, since the effective date of that statute we hold that in a divorce case, though the parties cannot confer jurisdiction on the court, where the record shows that the parties affirmatively conceded and confirmed the jurisdiction of the court with respect to the person and the subject matter, and the court rendered a divorce decree in the case, neither party can thereafter attack the decree as being void for lack of jurisdiction over the person or the subject matter. After the rendition of the final divorce decree containing an award for alimony in periodic payments, the only way to alter the alimony award is pursuant to our modification statute, Code Ann. § 30-220." *Johnson v. Johnson,* 230 Ga. 204, 206 (196 SE2d 394).

In this case, not only did the parties affirmatively concede and confirm the jurisdiction of the court with respect to the person and the subject matter but, based upon such decree, the record here makes it affirmatively appear that both parties have since, relying upon such decree, remarried.

The judgment of the trial court refusing to declare such divorce decree null and void, and thereafter holding the former husband in contempt of court for failure to pay child support, was not error for any reason enumerated.

*Judgment affirmed. All the Justices concur.*

Submitted July 12, 1974 — Decided September 4, 1974.

*Jenkins & Landrum, Terry K. Floyd,* for appellant.

*William E. Woodside,* for appellee.