### 29706. WILLIAMS v. PIQUE.

GUNTER, Justice.

This is an appeal from a judgment holding appellant in contempt for failure to comply with the alimony and child support provisions of a final divorce decree. The divorce decree was rendered in Fulton Superior Court on

March 21, 1973, and the record shows that the appellant signed an acknowledgement of service, signed an agreement to try the case at the first term, and entered into a settlement agreement with the appellee.

Appellant contended in the contempt proceeding that the divorce decree was void, because at the time the divorce complaint was filed and until the divorce decree was rendered, he was a resident of DeKalb County, Georgia. Appellant's sole defense to the contempt charge was the invalidity of the divorce decree. He did not contest the arrearages claimed by appellee.

The trial judge held that the appellant was estopped from denying the validity of the divorce. We affirm.

"Regardless of what the law may have been prior to the passage of the Civil Practice Act, since the effective date of that statute we hold that in a divorce case, though the parties cannot confer jurisdiction on the court, where the record shows that the parties affirmatively conceded and confirmed the jurisdiction of the court with respect to the person and the subject matter, and the court rendered a divorce decree in the case, neither party can thereafter attack the decree as being void for lack of jurisdiction over the person or the subject matter." *Johnson v. Johnson,* 230 Ga. 204, 206 (196 SE2d 394) (1973); *Bradley v. Dockery,* 232 Ga. 692 (208 SE2d 496) (1974).

The agreement entered into between the appellant and the appellee recited that it was made in contemplation of a divorce proceeding, and it requested "that the Court, in the event that a divorce is obtained, make this agreement a part of any final divorce decree that might be entered." This agreement was approved in writing by a judge of Fulton Superior Court and filed in the office of the clerk of Fulton Superior Court.

The appellant was estopped from denying the validity of the divorce.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 10, 1975 — DECIDED MAY 6, 1975.

*DeVille, Levine & Lewis, Roman A. DeVille,* for appellant.

*Martin, Skinner, Adkins & Horton, William L. Skinner,* for appellee.