### 30667. PALMES v. PALMES.

NICHOLS, Chief Justice.

Prior litigation in this court between these parties is reported in *Palmes v. Palmes,* 231 Ga. 347 (201 SE2d 413) (1973). The present litigation was instituted by the former wife with a two-count complaint. Count 1 sought to

set aside that part of a 1969 judgment which reduced the alimony and child support payments required to be paid by the former husband. Count 2 sought to hold the former husband in contempt for failure to make alimony or child support payments of any kind since August, 1974.

The trial court refused to set aside the prior judgment modifying the alimony and child support payments but did hold the former husband in contempt of court for failure to make alimony and child support payments due under the modified judgment. The former wife appeals and her sole contention is that the judgment entered in 1969 reducing the amount of alimony and child support payments was void because the court was without jurisdiction. As to such judgment the trial court found as follows: Findings of Fact: "(1) The court finds as a matter of fact that a judgment was entered . . . May 27th, 1969. The case was filed May 26, 1969. (2) The court finds that attorneys for both the plaintiff and defendant were present in court at the hearing before the Honorable Richard Thibadeau then Judge of the Superior Court of DeKalb County. (3) The court further finds that the order of the court on its face is the proper order showing the introduction of evidence and testimony and argument of counsel. (4) The court finds that the modification order entered May 27, 1969 reduces child support and alimony. *Conclusion of law:* The court finds that as a matter of law the parties taking action of modification of alimony and child support may waive the technical requirements of thirty days notice and consent to appear in court at any time after filing to hear evidence in support or defense of a petition for modification, and that the court has the authority to enter such an order after hearing evidence which is binding on the parties. Therefore, the motion to set aside the order . . . is hereby denied."

The appellant does not contest the facts set forth in the trial court's judgment but contends that inasmuch as 30 days did not elapse after the modification complaint was filed under the provisions of the Act of 1955 (Ga. L. 1955, pp. 630, 631) as amended (Code Ann. § 30-220) which requires that petitions for the revision of permanent alimony or child support "be filed and returnable under the same rules of procedure applicable

to divorce proceedings" precludes a judgment from being entered prior to the expiration of the 30-day answer. See Civil Practice Act (Ga. L. 1966, pp. 609, 653, as amended; Code Ann. § 81A-140).

" 'Regardless of what the law may have been prior to the passage of the Civil Practice Act, since the effective date of that statute we hold that in a divorce case, though the parties cannot confer jurisdiction on the court, where the record shows that the parties affirmatively conceded and confirmed the jurisdiction of the court with respect to the person and the subject matter, and the court rendered a divorce decree in the case, neither party can thereafter attack the decree as being void for lack of jurisdiction over the person or the subject matter . . .' *Johnson v. Johnson,* 230 Ga. 204, 206 (196 SE2d 394)." *Bradley v. Dockery,* 232 Ga. 692, 693 (208 SE2d 496) (1974).

Where, as in the present case, the modification complaint came on to be heard when both parties were represented by counsel, evidence was introduced, and no objection made to the time of such hearing being less than 30 days after the complaint was filed, neither party can thereafter attack the decree as being void for lack of jurisdiction over the person or the subject matter.

*Judgment affirmed. All the Justices concur, except Ingram, J., who dissents.*

Submitted December 29, 1975 — Decided January 27, 1976.

*Glenville Haldi,* for appellant.
*B. W. Crecelius,* for appellee.

Ingram, Justice, dissenting.

I dissent in this case because of the clear and unmistakable implication of the majority opinion that this court will no longer enforce the provisions of the Civil Practice Act governing the final trial of a divorce case. A final divorce can now be granted, on the grounds that the marriage is irretrievably broken, on the same date that the action is filed in court if both parties consent to it. At least this would seem to be the logical result permitted when the opinion in this case is read with the majority

opinion in *Friedman v. Friedman,* 233 Ga. 254 (210 SE2d 754) (1974) and its progeny. Until the court adopted the present opinion, I had considered that our holding in *Bradberry v. Bradberry,* 232 Ga. 651 (208 SE2d 469) (1974), was controlling on the ripeness for final trial of a divorce case. We said there (p. 653): "As stated above § 81A-140 now controls the time for trials. Section 81A-140 (a) clearly states that 'Divorce . . . cases, shall be triable any time after the last day upon which defensive pleadings were required to be filed.' Section 81A-140 (b) adds the proviso that there is no authority for conducting divorce trials sooner than the last day upon which defensive pleadings were to be filed, *regardless of the consent of the parties.*" (Emphasis supplied.)

I dissent because I find no ambiguities or interstices in the Civil Practice Act on this issue. As Justice Jordan said for a unanimous court in *Bradberry,* the language of the statute clearly states the rule. I would apply it just as the General Assembly has written it. If the public policy of the state is to be changed to authorize the courts to grant a final divorce on the date the action is filed, the General Assembly, in my opinion, should provide for it by statute because, after all, it is the lawmaking branch of our government under the Constitution.

I respectfully dissent.