## 31548. HOPKINS v. HOPKINS.

HALL, Justice.

This is an appeal of a contempt citation involving visitation rights of the noncustodial parent. The major issue is the question of a superior court's jurisdiction over a custodial dispute.

Subsequent to the parties' 1972 Elbert County divorce, on December 10, 1975, the court issued an order, consented to and participated in by both parties, setting

out specific visitation rights for the mother-appellee. In 1976 a dispute arose among the parties over these rights, and the appellee filed a contempt action in the Elbert Superior Court. The trial court found appellant in contempt of the 1975 visitation order.

1. The appellant contends the order of December 10, 1975 is void for the reason that neither party was a resident of Elbert County at the time of the order and therefore the Elbert Superior Court was without jurisdiction to enter the order. The problem arises over the confusion in distinguishing between the terms jurisdiction of the subject matter, jurisdiction of the person, and venue. Unfortunately, it is true that in the past the term "jurisdiction" has been used far too loosely in many reported opinions. See Winborne, Venue in Georgia: Problems and Proposals, 9 Ga. S.B.J. 254 (1972); *Standford v. Davidson,* 105 Ga. App. 742, 743-745 (125 SE2d 720) (1962); *Biddinger v. Fletcher,* 224 Ga. 501, 504-505 (162 SE2d 414)(1968).

*Jurisdiction of the Subject Matter.* The phrase jurisdiction of the subject matter "refers to subject matter alone," i.e., "conferring jurisdiction in specified kinds of *cases." Starnes v. Mutual Loan &c. Co.,* 102 Ga. 597, 601 (29 SE 452) (1897). It "is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question . . ." *Melton v. Jenkins,* 50 Ga. App. 615 (1) (178 SE 754) (1935). "Jurisdiction of the subject matter does not mean simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which that particular case belongs." *Zeagler v. Zeagler,* 192 Ga. 453, 456 (15 SE2d 478) (1941). It is the "sine qua non to a valid judgment, and may not be waived by consent of the parties." *Robinson v. Attapulgus Clay Co.,* 55 Ga. App. 141, 144 (189 SE 55) (1937); Code Ann. § 81A-112 (b) and (h).

Visitation rights are a part of child custody and as such are controlled by the law relating to custody and change of custody. *Cooper v. Stephens,* 214 Ga. 825 (108 SE2d 274) (1959). A proceeding in a juvenile court involving custody is a statutory custody action under Code Ann. § 24A-302. A proceeding in the superior court

involving custody is in the nature of habeas corpus. *Robinson v. Ashmore,* 232 Ga. 498 (207 SE2d 484) (1974). All superior courts of this state have jurisdiction over the subject matter of habeas corpus cases or cases in the nature of habeas corpus. Code Ann. §§ 2-3902, 24-2615. See also Code Ann. § 2-4401.

*Jurisdiction of the Person.* Jurisdiction of the person refers to the power of the court to render a judgment which will be binding upon the persons of the parties, and is obtained by their appearance or by use of the proper process for the type action. See Code Ann. § 81A-104. It "is a personal plea [defense] and may be waived." *Attapulgus Clay Co.,* supra, at 144. On waiver of jursidiction over the person under the CPA see Code Ann. § 81A-112 (h).

*Venue.* "Venue" means the place for trial, that is, the county or district. *Biddinger,* supra, at 504. An opinion of Chief Justice Bleckley held that venue is a personal defense and may be waived. *East Tenn.,Va. & Ga. R.Co. v. Suddeth,* 86 Ga. 388 (3) (12 SE 682) (1890). On waiver of venue under the CPA see Code Ann. § 81A-112 (h); *Aiken v. Bynum,* 128 Ga. App. 212 (2) (196 SE2d 180) (1973).

Under the principles enunciated above, it is clear the Elbert Superior Court had jurisdiction of the subject matter; this is a case in the nature of habeas corpus. The appellant is in no position to question the December 10, 1975 order as to jurisdiction over his person or venue since he consented to and participated in its preparation. The CPA provisions on waiver as to jurisdiction of the person and venue (Code Ann. § 81A-112) have been held to be applicable to divorce cases. *Shapray v. Shapray,* 236 Ga. 393 (223 SE2d 802) (1976); *Palmes v. Palmes,* 236 Ga. 115 (223 SE2d 86) (1976); *Williams v. Pique,* 234 Ga. 344 (216 SE2d 100) (1975); *Bradley v. Dockery,* 232 Ga. 692 (208 SE2d 496) (1974); *Johnson v. Johnson,* 230 Ga. 204 (196 SE2d 394) (1973). The appellant cites *Taylor v. Taylor,* 231 Ga. 742 (3) (204 SE2d 129) (1974) as being in conflict with the above decisions. We disagree. *Taylor* involved the question of jurisdiction of the subject matter, i.e., that a trial court does not have continuing jurisdiction over custody after a final judgment has been entered in a divorce proceeding. We hold that the waiver provisions of the CPA on jurisdiction of the person and venue are

applicable to custody cases as well as divorce cases.

2. The appellant's contention that the order was not one enforceable by a contempt citation is without merit. It specifically ordered the parties to carry out the terms and conditions of the agreement. There being no transcript of evidence on the contempt hearing, it cannot be said that the trial court abused its discretion in finding the appellant in contempt of its order. *Darsey v. Darsey,* 232 Ga. 381, 383 (207 SE2d 22) (1974).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 20, 1976 — DECIDED OCTOBER 19, 1976 — REHEARING DENIED NOVEMBER 2, 1976.

*Lavender, Cunningham, Lavender & Phelps, R. Chris Phelps,* for appellant.

*Gregory M. Perry,* for appellee.