33412, 33413. CALLAHAN v. CALLAHAN; and
vice versa.

NICHOLS, Chief Justice.
This is an appeal and cross appeal from a final judgment and decree of divorce rendered after jury verdict.
1. The former husband appeals, enumerating as error that portion of the final judgment and decree which establishes a trust for the education of his children that would extend past their minorities. The former wife concedes that the intent of the jury and the court was to provide for the children's college education beyond their minorities.
To the extent that the final judgment and decree imposes upon the father the obligation to support his children after they have attained the age of majority, it is in error. *Coleman v. Coleman,* 240 Ga. 417, 422 (240 SE2d 870) (1977).
Pursuant to her request, the former wife hereby is granted leave to write off within ten days after the filing of the remittitur in the court below the portion of the final

judgment and decree establishing the educational trust to the extent that it imposes upon the father of the children the obligation to support each of his children past each child's eighteenth birthday. Upon her doing so, the judgment will be affirmed; otherwise, a new trial is ordered on the issue of child support. *McGarr v. McGarr,* 239 Ga. 640 (238 SE2d 427) (1977).

2. The former wife on cross appeal contends that the trial court erred in the order allowing attorney fees by giving the former husband credit for one-half the sum paid by her to her attorneys from cash which was kept in strong boxes in the attic of their former home.

The final judgment and decree was entered on the jury's verdict against the former husband on the question of whether the cash in the strong boxes was subject to a resulting trust in his favor. The jury thus found and the court decreed that the strong box money was hers, not his. The appellant former husband did not enumerate this portion of the final judgment and decree as error. To the extent that the trial court's order on attorney fees required the former wife to pay *any* portion of her attorneys' fees from the strong box cash, it is in error. The trial court is directed to revise the order allowing attorney fees so as to provide that none of the attorney fees will be paid out of the strong box cash. *Fenters v. Fenters,* 238 Ga. 131, 133 (231 SE2d 741) (1977).

*Judgment on appeal affirmed on condition; otherwise, reversed in part. Judgment on cross appeal affirmed with direction. All the Justices concur, except Hill, J., who concurs specially, and Jordan and Bowles, JJ., who concur in the judgment only.*

ARGUED APRIL 10, 1978 — DECIDED APRIL 18, 1978 — REHEARING DENIED MAY 2, 1978 IN CASE No. 33413.

*Hugh H. Howell, Jr., E. R. Lanier,* for appellant.
*O'Neal, Stone & Brown, Kice H. Stone,* for appellee.

HILL, Justice, concurring specially.

One result of lowering the age of majority from 21 to 18 has been the loss of authority by the superior court to

require payment of child support for educational purposes past age 18. Where the father agrees to provide such support it becomes part of the judgment of the court and is enforceable by contempt after a child reaches majority. *McClain v. McClain,* 235 Ga. 659 (1,2) (221 SE2d 561) (1975). Absent such agreement, the trial court has no discretion regardless of the facts and circumstances of the case. *Coleman v. Coleman,* 240 Ga. 417 (5) (240 SE2d 870) (1977). This difference gives leverage to the father in negotiating an agreement where the mother wants an educational fund for her children.

Courts in other jurisdictions have been able to find in their statutes ways to justify post-majority educational support where such awards are warranted. See, e.g., Locke v. Locke, 246 NW2d 246 (1) (Iowa, 1976); French v. French, 378 A2d 1127 (6) (N.H., 1977); Childers v. Childers, 4 FLR 2223 (Wash., Feb. 2, 1978); Lord v. Lord, 46 LW 2493 (N.Y., Feb. 24, 1978). See generally Robert M. Wasburn, "Post-Majority Support: Oh Dad, Poor Dad," 44 Temp. L. Q. 319. Our statutes do not lend themselves to such interpretation. As a result, this problem of education for the children of divorced parents addresses itself to the General Assembly.