## 34705. SMITH v. SMITH.

JORDAN, Justice.

This appeal arises from an order finding appellant Tommy Smith in contempt of court for failure to pay required child support.

1. In his first two enumerations of error, appellant contends the trial court erred when it held him in contempt of a decree which was void. He argues that the trial court in his original divorce action lacked subject matter jurisdiction because his former wife had not been

a domiciliary of the State of Georgia for six months preceding the filing of her complaint for divorce and personal jurisdiction over him since he made no appearance.

The material facts concerning the divorce are undisputed. In April, 1977, appellant, who was in the military and temporarily stationed in New Mexico, was given notice of appellee's pending complaint for divorce by publication and service by certified mail. In June, 1977, appellant returned to Georgia and hired an attorney to represent him in this litigation. On June 14, 1977, the parties entered into an agreement which purported to settle all issues between them, and moved that their agreement be adopted as the final judgment in their case. The trial court granted the parties' motion and fully incorporated their agreement into its final judgment in the case.

In an almost identical factual situation, this court held in *Williams v. Pique,* 234 Ga. 344, 345 (216 SE2d 100) (1975): "Regardless of what the law may have been prior to the passage of the Civil Practice Act, since the effective date of that statute we hold that in a divorce case, though the parties cannot confer jurisdiction on the court, where the record shows that the parties affirmatively conceded and confirmed the jurisdiction of the court with respect to the person and the subject matter, and the court rendered a divorce decree in the case, neither party can thereafter attack the decree as being void for lack of jurisdiction over the person or the subject matter. *Johnson v. Johnson,* 230 Ga. 204, 206 (196 SE2d 394) (1973); *Bradley v. Dockery,* 232 Ga. 692 (208 SE2d 496) (1974)."

Appellant having invoked the jurisdiction of the court for the purpose of obtaining a divorce and securing visitation rights is estopped from denying the validity of his divorce decree.

2. Appellant's third and fourth enumerations contest the probative value of certain evidence relating to appellee's domicile at the time she filed her complaint for divorce. Having held that appellant is estopped from denying the validity of the parties original divorce decree, these enumerations are meritless.

3. In his fifth enumeration appellant alleges that the

trial court erred in allowing appellee to amend her citation for contempt to include support payments which had become due subsequent to the initial filing of her complaint. There is no merit in this enumeration of error. *Hines v. Hines,* 237 Ga. 755 (229 SE2d 744) (1976).

4. In response to appellant's final enumeration of error, there was ample evidence to support the trial court's finding of wilful contempt.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 14, 1979 — DECIDED APRIL 17, 1979.

*William Waugh Turner, III,* for appellant.
*Benjamin Ballinger,* for appellee.