## 35514. MATHEWS v. MATHEWS.

BOWLES, Justice.

The parties were divorced by decree entered August 18, 1972, in Fulton Superior Court. That decree provided appellant was to pay appellee the sum of $83.33 per month per child until each child shall reach the age of 21 years, marry, or become self-supporting. Both parties agree that under the decree appellant is indebted for child support in the amount of $3,294.63, which sums represent child support due beyond the age of 18 years. Appellant filed a complaint to set aside that portion of the judgment requiring appellant to pay child support beyond the age of 18 years and to have garnishment proceedings based thereon vacated. Appellee filed several defenses to the complaint including the affirmative defenses that appellant had waived any objection he may have had to the final decree and that he was estopped from attempting to attack the same inasmuch as at the time of the rendition both parties were present, both attorneys for both parties were present, the provisions of the final judgment and decree were reached by agreement and this agreement was conceded and confirmed in open court. Upon hearing, the trial court determined that appellant consented to the entry of the original judgment on August 18, 1972, was aware of its contents before it was entered and was aware of the same immediately after it was entered. The court concluded that by virtue of these facts the appellant has waived any and all objections which he may have to the same.

We affirm.

1. As we said in McClain v. McClain, 235 Ga. 659, 661 (221 SE2d 561) (1975): "There is a significant

difference between an alimony decree rendered under the law and a contract settling alimony which is incorporated into the decree. *Laughridge v. Laughridge,* 219 Ga. 415 (133 SE2d 884) (1963). 'Where parties separate and by contract, as here, settle the right of their minor children for support and maintenance and such contract is approved by the trial judge and made a part of a final divorce decree, the courts will enforce the contract as made by them.' *Gray v. Gray,* 222 Ga. 641 (151 SE2d 774) (1966)." While the contract in *McClain v. McClain,* supra, was a written agreement entered into between the parties there is no meaningful difference in a written contract submitted to the court for approval, and a verbal agreement submitted in open court with the benefit of counsel, whereby the parties consent and agree that certain sums be set for designated periods of time for the support of the minor children of the parties. The appellant here having consented to the final judgment and decree in the case in open court, we conclude he is estopped now to attack the validity of the decree based on that consent.

The cases of *Callahan v. Callahan,* 241 Ga. 296 (244 SE2d 841) (1978) and *Coleman v. Coleman,* 240 Ga. 417, 422 (240 SE2d 870) (1978), relied upon by appellant were not based on judgments entered by consent but were obligations placed on the father by the jury and the court, without his consent. For this reason they are distinguishable.

2. Since the effective date of the Civil Practice Act we hold that in a divorce case, though the parties cannot confer jurisdiction on the court, where the record shows that the parties affirmatively conceded and confirmed jurisdiction of the court with respect to the person and the court subsequently rendered a divorce decree pursuant thereto, neither party can thereafter attack the decree as being void for lack of jurisdiction over the person. *Johnson v. Johnson,* 230 Ga. 204, 206 (196 SE2d 394) (1973).

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 5, 1979 — DECIDED NOVEMBER 21, 1979.

*Bailey & Stevens, Ronald S. Stevens,* for appellant.
*Donna J. Salem,* for appellee.