## 35808. CROWE v. CROWE.

CLARKE, Justice.

On October 20, 1977, a final divorce decree which incorporated a settlement agreement between the parties was entered in the Superior Court of Coweta County. The former husband filed an action for contempt on February 27, 1979, to enforce provisions of that agreement. The former wife responded by filing a motion to set aside the judgment on the grounds that when her husband filed the divorce, he fraudulently induced her to sign an acknowledgment of service and the separation agreement. She further alleged that the parties had been continuously cohabiting as husband and wife prior to the granting of the divorce until January of 1979, and were therefore husband and wife by operation of law.

By agreement of counsel, both motions were heard together by the court. After taking evidence, the court found that at the time of the filing of the divorce, the defendant, Mrs. Crowe, was not a resident of Coweta County, and that this fact was known by the parties although not disclosed in the sworn complaint. He further found that when the divorce was granted by a motion on the pleadings, no answer having been filed, both parties, with knowledge of the granting of the divorce, continued to live together as husband and wife, and the securing of the divorce in Coweta County was a "sham." The trial court concluded that the actions of the parties amounted to a fraud upon the court by obtaining a decree when the court had no jurisdiction, and found neither party entitled to relief on their motions since both had come into court with unclean hands. The court then ordered that the final judgment and decree of divorce dated October 20, 1977, be set aside.

Mr. Crowe appeals, contending the trial court erred in setting aside the decree since Mrs. Crowe was found not entitled to relief. We agree.

Lack of jurisdiction was not raised by Mrs. Crowe in her motion to set aside the judgment, but was raised by the court during the hearing. Parties to a divorce may by their actions concede and confer jurisdiction on a superior court to grant a divorce. *Williams v. Pique,* 234 Ga. 344

(216 SE2d 100) (1975); *Smith v. Smith,* 243 Ga. 525 (255 SE2d 46) (1979). Mrs. Crowe signed an acknowledgment of service and separation agreement in the original action, and there is evidence to support the trial court's finding she had knowledge the divorce was granted. She would therefore be estopped from attacking the decree on that ground. *Williams,* supra.

The court below found Mrs. Crowe had "unclean hands" and had participated in causing the judgment to be "a sham." Under such circumstances, she would not be entitled to relief from that judgment. *Corder v. Fulton Nat. Bank,* 223 Ga. 524 (156 SE2d 452) (1967). In *Corder,* we held that one who participates in fraudulently procuring a divorce decree may not then go into equity to have the decree set aside, even though the divorce decree was allegedly void due to the continuous cohabitation of the parties after the action was filed. Whether Mrs. Crowe's petition is considered a motion under Code Ann. § 81A-160 (d) or a complaint in equity under § 81A-160 (e), she would not be entitled to relief on the facts of this case.

The issue is whether or not the trial court had some other authority for setting aside the judgment after the term in which it was rendered.

It is well settled that a judgment is in the breast of the court during the term in which it is rendered, and the judge may set it aside in the exercise of his discretion. *Staten v. Staten,* 240 Ga. 478 (241 SE2d 237) (1978). *Bank of Cumming v. Moseley,* 243 Ga. 858 (257 SE2d 278) (1979), held the trial judge could exercise his inherent power to set aside a judgment, even though he denied the moving parties' prayers for relief under § 81A-160, as long as the term of court had not ended.

In *Holloman v. Holloman,* 228 Ga. 246 (184 SE2d 653) (1971), the judge who had entered the divorce decree set it aside at a subsequent term, finding there had been "a great deal of misunderstanding" at the time the original judgment was entered. This court reversed, holding "The trial court was not authorized at a subsequent term of court to set aside a final judgment rendered at a prior term except as provided in Code Ann. § 81A-160." Id. at 248.

Since the party seeking to set the judgment aside was

not entitled to relief under § 81A-160 (b), and the judgment was not void on its face, the court below erred in vacating its former judgment after the term of court in which it was entered.

*Judgment reversed. All the Justices concur.*

SUBMITTED JANUARY 11, 1980 — DECIDED APRIL 29, 1980.

*Chamberlin & Tew, Ernest D. Blount,* for appellant. *Jim Dollar,* for appellee.