## 36417. HERRING v. HERRING.

CLARKE, Justice.

This case is an appeal from an order of February 13, 1980, setting aside a divorce. In June, 1978, wife filed a complaint for separate maintenance. Husband answered and counterclaimed for divorce on the ground that the marriage was irretrievably broken. In July, 1978, husband took an uncontested divorce, and all issues of alimony, support, custody, and division of property were reserved. The decree specifically stated that husband would have the right to remarry. On December 4, 1979, wife filed a motion to set aside the judgment as void. The motion was granted February 13, 1980.

Relief from judgments in alimony and divorce proceedings is controlled by the provisions of the Civil Practice Act, Code Ann. § 81A-181; *Johnson v. Johnson,* 230 Ga. 204 (196 SE2d 394) (1973). A judgment which is defective as to jurisdiction over the person or the subject matter may be attacked in a motion to set aside or by a complaint in equity. Code Ann. § 81A-160 (d), (e). Under the Constitution of Georgia, Art. VI, Sec. XIV, Par. I (Code Ann. § 2-4301), venue is jurisdictional in a divorce action. A judgment of divorce in which venue is improper is void. A counterclaim for divorce is proper in a suit for separate maintenance. However, venue for the divorce lies only in the county of residence of the counterclaim defendant. *Buford v. Buford,* 231 Ga. 9 (200 SE2d 97) (1973). Thus, in a suit for separate maintenance, venue may be proper for the main claim and improper for the counterclaim for divorce. This anomaly in our law may present a trap for the unwary in a case such as the present case in which the plaintiff (defendant to the counterclaim) was a resident of a county different from the residence of the defendant to the main action. Here, venue for the divorce did not lie in DeKalb County since the wife, counterclaim defendant, was a resident of Rockdale County. Venue requirements of the Constitution cannot be waived. *Buford v. Buford,* supra. However, we have held that while the parties cannot confer jurisdiction on the court, ". . . where the record shows that the parties affirmatively conceded and confirmed the jurisdiction of the court with respect to the person and subject matter, and the court rendered a divorce decree in the case, neither party can thereafter attack the decree as being void for lack of jurisdiction over the person or the subject matter." *Johnson v. Johnson,* 230 Ga. 204, 206 (196 SE2d 394) (1973). See also, *Crowe v. Crowe,* 245 Ga. 719 (267 SE2d 15) (1980); *Smith v. Smith,* 243 Ga. 525 (255 SE2d 46) (1979); *Williams v. Pique,* 234 Ga. 344 (216 SE2d 100) (1975); *Bradley v. Dockery,* 232 Ga. 692 (208 SE2d 496) (1974).

Absent a defect of jurisdiction, the judgment here, which is not void on its face, may not be set aside.[1] Consequently, the threshold question is whether the wife's action is such as would preclude her from attacking the judgment as void for lack of jurisdiction. We have held that where a party signed an acknowledgment of service or a settlement agreement, she had committed an affirmative act which would preclude her attacking the decree as void. *See,* e.g., *Williams v. Pique,* supra; *Johnson v. Johnson,* supra. Here, neither of these readily recognizable indicia of submission to the jurisdiction of the court was present. However, we find that wife's actions prior to and subsequent to the granting of the divorce constitute such affirmative actions as will estop her from now attacking the decree as void.

Following the answer and counterclaim for divorce by husband, wife did not answer the counterclaim. An answer to a *counterclaim* is not required in any civil case and the allegations automatically stand denied. Code Ann. § 81A-112 (a). Further, an answer to a *complaint* for *divorce* is not required, default being impermissible in a divorce action. Code Ann. § 30-113; *Wallace v. Wallace,* 229 Ga. 607 (193 SE2d 832) (1972). However, when a defendant in a divorce action fails to file defensive pleadings, the divorce is uncontested, and failure to file defensive pleadings constitutes a waiver of notice and hearing on the taking of the final decree. Code Ann. § 81A-105 (a); *Hardwick v. Hardwick,* 245 Ga. 570 (266 SE2d 184) (1980). This rule should apply as well when the claim for divorce arises by way of counterclaim. Consequently, having submitted herself to the jurisdiction of the court in regard to her main claim, and having elected not to contest husband's counterclaim for divorce, wife at least passively submitted herself to the jurisdiction of the court in regard to the counterclaim. In addition, the record contains an affidavit of husband's former attorney to the effect that he informed the former attorney of his intention to take a divorce on July 14, 1978, and that he was assured that wife did not intend to contest the divorce.

Shortly after the divorce, husband remarried. Wife admitted in

---

[1]Code Ann. § 81A-160 (c) deals with a motion for a new trial. Under Code Ann. § 70-301, a motion for a new trial must be filed within thirty days following entry of judgment and was consequently unavailable to wife. Under Code Ann. § 81A-160 (d), a motion to set aside must, in the absence of a jurisdictional defect, be predicated upon a nonamendable defect apparent from the face of the record or pleadings. (*But, see Adams v. Adams,* 234 Ga. 139 (214 SE2d 561) (1975); *Miller v. Miller,* 230 Ga. 777 (199 SE2d 241) (1973), which indicate that even where there is a jurisdictional defect, § 81A-160 (d) is not available unless the defect is on the face of the records or pleadings.) Since there was no new complaint in equity filed and served upon husband, it is clear that wife may not avail herself of relief provided by § 81A-160 (e).

her deposition that she knew of the remarriage by "late August" of 1978. Yet, it was not until December of 1979 that she brought her motion to set aside the divorce. The stability of the family, and indeed of society, demands that one who intends to attack a decree of divorce apparently valid on its face should proceed with the utmost promptness. *Sikes v. Sikes,* 231 Ga. 105 (200 SE2d 259) (1973); *McConnell v. McConnell,* 135 Ga. 828 (70 SE 647) (1910). The acts and omissions of the wife prior to the divorce decree coupled with her failure to proceed promptly following the decree are sufficient to constitute an affirmative course of conduct which, when relied upon by husband, estops her from attacking the divorce as void.

*Judgment reversed. All the Justices concur.*

SUBMITTED JUNE 27, 1980 — DECIDED
OCTOBER 2, 1980.

*Adrienne Black,* for appellant.
*Timothy N. Skidmore,* for appellee.