**Mrs. Ruth L. PEARSON, Widow of Lawrence E. Pearson, Deceased, Plaintiff,**

v.

**GRACE CARPET MILLS, INC. et al., Defendants.**

**Civ. A. No. C79–865A.**

United States District Court, N. D. Georgia, Atlanta Division.

Nov. 24, 1980.

Cullen M. Ward, William C. Lanham, Clark H. McGehee, Richard A. Katz, Cotton, Katz, White & Palmer, Atlanta, Ga., for plaintiff.

Warner S. Currie, James M. Poe, Swift, Currie, McGhee & Hiers, Atlanta, Ga., Paige G. Surface, Beaufort, S. C., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

Now before the court is a motion of Barbara Pearson styled "Motion to Intervene or, Alternatively, Motion to be Substituted as Party Plaintiff." In short, Barbara Pearson claims to be the lawful widow of Lawrence Pearson, supplanting Mrs. Ruth L. Pearson, plaintiff in this action, who seeks to recover for Pearson's death. The facts alleged in Barbara Pearson's motion are briefly as follows: That she married Pearson in England, June 22, 1962; that there were two children of the marriage; that on August 14, 1968, she and Lawrence executed in New York a separation agreement pending receipt of the Mexican divorce they desired to obtain; that on August 30, 1968, Pearson started the Mexican divorce proceedings, and a decree of divorce was obtained October 2, 1968. She avers that when Pearson was purportedly establishing a Mexican residence to confer jurisdiction on the Mexican court, actually he continued to reside with her in the marital residence and did not move out until October 1968. She avers that the Mexican divorce was thus a fraud on that court; was rendered without jurisdiction; and is therefore void, leaving her the wife and widow of Pearson.

After having considered this motion and the briefs and documents in support and in opposition thereto, the court concludes that the motion should be DENIED.

According to her own affidavit, briefs and exhibits, Barbara Pearson colluded with Pearson in obtaining a Mexican divorce, and in connection therewith executed a contract under which she waived any rights she might have to his estate, his will, and his

property. She has not resided with Lawrence Pearson since 1968. At no point does she claim to have been unaware of his remarriage; at no point does she explain the tardiness of her assertion of her wifehood; and seemingly she has come into court with a claim that her marriage to him was never dissolved, only in hopes of recovering money at his death. Mrs. Ruth L. Pearson has submitted to the court documents indicating Barbara Pearson's actions seeking to enforce her alimony rights against Pearson pursuant to their divorce agreement. Ruth Pearson also states to the court that Barbara Pearson remarried following her divorce from Lawrence Pearson.

■ A man may have only one widow. Barbara Pearson is estopped as a matter of law from attacking the divorce decree which she participated in obtaining, even if it were procured without proper residence–based jurisdiction of the petitioning party. *Crowe v. Crowe*, 245 Ga. 719, 267 S.E.2d 15 (1980). Barbara Pearson is additionally estopped because of her acceptance of benefits under the decree she now seeks to attack. *Guess v. Guess*, 242 Ga. 786, 251 S.E.2d 528 (1979). *Wilkinson v. Wilkinson*, 241 Ga. 303, 245 S.E.2d 278 (1978). Barbara Pearson is additionally barred by laches, because of the long period of time during which she treated the divorce as final and allowed the rights of others, notably plaintiff herein, to attach. *Watson v. Watson*, 235 Ga. 136, 218 S.E.2d 863 (1975).

■ Barbara Pearson's attempt to avoid the doctrine of estoppel by contending that there is in Georgia a contravening public policy in favor of the sanctity of marriage, is not only incorrect under Georgia law, *Friedman v. Friedman*, 233 Ga. 254, 256, 210 S.E.2d 754 (1974), but is spurious on the facts presented.

In sum, Barbara Pearson has no "interest" in the subject matter of this action, to be asserted under Rule 24(a), Fed.R.Civ.P. which governs the intervention she seeks. See 3B Moore, Federal Practice, ¶ 24.09–1[1] and [2].

The motion to intervene is DENIED. The further motion of Barbara Pearson for a period of four months during which time to conduct discovery as if she were a party to this case, is similarly DENIED.

So ordered.