## 37992. DOKE v. DOKE.

Marshall, Justice.

This is a motion to set aside a divorce decree incorporating a settlement agreement. The motion was filed by the appellee former husband under the provisions of Code Ann. § 81A-160 (d). The appellee argues that the divorce decree is void for lack of subject-matter jurisdiction, in that the parties' marriage was invalid due to a prior undissolved marriage on the part of the appellant former wife. The trial judge agreed with the appellee, and the divorce decree and settlement agreement were set aside. For reasons which follow, we reverse.

As found by the trial court, these are the facts: The appellant and appellee were married on June 17, 1972, and two children were born of this marriage. However, they subsequently learned that a divorce from the appellant's former husband had never been obtained. Therefore, they secured the services of an attorney; and on November 7, 1975, the appellant obtained a decree of the Fulton Superior Court dissolving her January 23, 1969, marriage to her former spouse.

However, on November 7, 1975, the parties separated. On November 18, 1975, the appellant filed a complaint in the Clayton Superior Court for divorce from the appellee, seeking child custody and support as well as other relief. The appellee was served in this suit, but he never filed defensive pleadings or entered an appearance. However, he did enter into an agreement with the appellant settling the issues of child custody, child support, and alimony. A final divorce decree was entered on December 23, 1975, incorporating the settlement agreement. The appellee subsequently filed a petition to modify the child-custody portions of the divorce decree, and the parties entered into a consent modification judgment.

On October 23, 1980, the appellant filed a garnishment against the appellee's employer to collect child-support arrearages. On December 8, 1980, the appellee initiated the present proceedings to

set aside the parties' divorce decree.

The trial judge ruled that there was no evidence of a common-law marriage between the appellant and the appellee after her divorce from her former husband. On this basis, the trial judge ruled that the divorce decree and separation agreement incorporated therein should be set aside on the ground of lack of subject-matter jurisdiction.

1. "Jurisdiction over the subject matter in divorce and alimony cases requires a valid marriage and residence (domicile) within the state for six months prior to filing the action." Ga. Divorce, Alimony & Child Custody (2d Ed., § 6-1, p. 63).

2. In *Smith v. Smith,* 243 Ga. 525 (255 SE2d 46) (1979), a husband had failed to enter an appearance in a divorce action filed against him by his wife. However, he did enter into a settlement agreement which was incorporated into their divorce decree. He later sought to avoid being held in contempt of the child-support provisions of the divorce decree by arguing that the decree was void for lack of subject-matter jurisdiction, in that his former wife had not been a domiciliary of the State of Georgia for six months preceding the filing of her complaint for divorce. This court affirmed the order of the trial court holding the husband in contempt, stating: "In an almost identical factual situation, this court held in *Williams v. Pique,* 234 Ga. 344, 345 (216 SE2d 100) (1975): 'Regardless of what the law may have been prior to the passage of the Civil Practice Act, since the effective date of that statute we hold that in a divorce case, though the parties cannot confer jurisdiction on the court, where the record shows that the parties affirmatively conceded and confirmed the jurisdiction of the court with respect to the person and the subject matter, and the court rendered a divorce decree in the case, neither party can thereafter attack the decree as being void for lack of jurisdiction over the person or the subject matter. *Johnson v. Johnson,* 230 Ga. 204, 206 (196 SE2d 394) (1973); *Bradley v. Dockery,* 232 Ga. 692 (208 SE2d 496) (1974).' " 243 Ga. at p. 526. Under *Smith,* the appellee is estopped from denying the validity of the divorce decree here.

3. Furthermore, " '[a] decree rendered in accordance with a consent verdict, though it may not be valid as a judgment of the court, will, in the absence of fraud, accident, or mistake, be operative as an agreement binding upon all the parties thereto.' [Cits.]" *Allen v. Withrow,* 215 Ga. 388, 390 (110 SE2d 663) (1959). See generally, 9 EGL Divorce & Alimony, § 9 et seq. (1981 Rev.). Here, the appellee had knowledge of the appellant's prior marriage when he entered into the settlement agreement. Cf., *Evans v. Evans,* 118 Ga. 890 (1) (45 SE 612) (1903). And, notwithstanding the existence of her prior

marriage, he is still under an enforceable legal obligation to support his children. See *Leitzke v. Leitzke,* 239 Ga. 17 (235 SE2d 500) (1977). *Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 19, 1981.

*Ferguson & Todd, Monroe Ferguson,* for appellant.
*James B. Gurley, Philip M. Williams,* for appellee.