## 65096. KIRBY v. KIRBY.

CARLEY, Judge.

Appellant brought a complaint in equity seeking to set aside a final judgment which granted him the adoption of appellee's child. Appellant alleged that the adoption had been fraudulently procured by appellee's misrepresentation concerning her child's legitimacy. Appellant alleged that he would not have adopted the child had he known the true facts. The adoption decree was entered on December 8, 1972. The complaint in equity was filed on January 7, 1981, more than eight years later. Pursuant to appellee's motion, the trial court dismissed the complaint and appellant appeals.

Code Ann. § 81A-160 (f) provides in pertinent part: "A judgment void because of lack of jurisdiction of the person or subject-matter may be attacked at any time. Motions for new trial must be brought within the time now or hereafter prescribed by law. *In all other instances, all motions, complaints or other proceedings to set aside or attack judgments shall be brought within three years from entry of the judgment complained of.*" (Emphasis supplied.)

Appellant's complaint in equity was filed more than three years after the entry of the challenged adoption decree. Accordingly, the trial court did not err in dismissing the complaint. *Riddle v. Miller,* 242 Ga. 231 (248 SE2d 616) (1978); *Johnson v. Johnson,* 230 Ga. 204 (196 SE2d 394) (1973).

*Judgment affirmed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED JANUARY 18, 1983.

*Jon Gary Branan,* for appellant.
*William Steven Askew,* for appellee.