## A94A0969. GEORGIA RECEIVABLES, INC. v. MURRAY.
(448 SE2d 783)

McMurray, Presiding Judge.

Georgia Receivables, Inc. (plaintiff) brought this contract action against Thomas M. Murray (defendant), styling itself as "Assignees to Fulton Federal Savings Bank" and alleging that defendant was indebted to plaintiff in the principal amount of $10,435.13 plus interest, attorney fees and court costs. Service of process was made on defendant at his home in Riverview, Florida, by leaving the summons and complaint with his wife. Defendant answered pro se alleging that he "does not now, nor has he for many years, resided in the jurisdiction of [the State Court of Cobb County, Georgia]." He further alleged that he "has no current knowledge of, record of or written executed instrument, evidencing this obligation." Plaintiff subsequently moved for summary judgment. The evidentiary basis for plaintiff's motion was the alleged failure of defendant to answer requests for admissions. Defendant filed no response to this motion nor did he seek to withdraw any deemed admissions. Nevertheless, the trial court concluded that "there remains a genuine issue as to jurisdiction and . . . [denied plaintiff's] Motion for Summary Judgment." Plaintiff's application for interlocutory appeal was granted by this court, and this appeal followed. *Held:*

If defendant executed a promissory note in the county where this suit was filed, the fact that he subsequently moved to Florida would not preclude the trial court's "exercise [of] personal jurisdiction over [defendant] pursuant to the provisions of Georgia's Long Arm Statute, OCGA § 9-10-91 (former Code Ann. § 24-113.1). See *North Peachtree I-285 Prop. v. Hicks*, 136 Ga. App. 426 (1) (221 SE2d 607) (1975)." *Davis v. Peoples Bank of St. Marys*, 168 Ga. App. 383 (1) (308 SE2d 871). However, the record as transmitted to this court by the clerk of the trial court contains no copy of the agreement sued upon or the assignment under which plaintiff stakes its claim. Nor does it contain the requests for admissions supposedly submitted to defendant or proof of service, despite the recitals of counsel in an affidavit submitted in support of the motion for summary judgment. "The burden was on [plaintiff], as the movant for summary judgment[,] to show that no genuine issue of material fact remained." *Walker v. United Svcs. Auto. Assn.*, 205 Ga. App. 693, 694 (423 SE2d 299). In the case sub judice, the posture of the existing record does not satisfy this burden. Accordingly, the grant of plaintiff's application for interlocutory appeal is vacated as improvidently granted and the appeal is dismissed. See *Dumas v. Smith*, 170 Ga. App. 703 (319 SE2d 136). See also *Evanoff v. Evanoff*, 262 Ga. 303 (418 SE2d 62).

*Appeal dismissed. Pope, C. J., and Smith, J., concur.*

Decided October 4, 1994.

*Frederick J. Hanna, MaryTheresa Clark,* for appellant.
Thomas M. Murray, *pro se.*