S07G0372. ABUSHMAIS et al. v. ERBY.
(652 SE2d 549)

THOMPSON, Justice.

We granted a writ of certiorari to the Court of Appeals to review its decision concerning the propriety of the superior court's exercise of subject-matter jurisdiction in this action. See *Abushmais v. Erby*, 282 Ga. App. 86 (637 SE2d 725) (2006). For the reasons that follow, we affirm.

This case began as a dispossessory action against appellee Calvin Erby filed by Ahmed El Sharkawy, who owned property leased by Erby for his check cashing business. Erby failed to answer the complaint and the magistrate court entered a default judgment. Erby filed a notice of appeal and the next day filed a motion to set aside or vacate the default judgment. Following a hearing on the motion to set aside, the magistrate court issued an order directing Erby to pay the

---

[5] On appeal, the wife asserts that she is not seeking retroactive payment of either support obligation.

$2,500 monthly rent into the court's registry and transferring the case to superior court "upon agreement of the parties" for resolution of issues outside the magistrate court's jurisdiction. In superior court, Erby filed a third-party complaint against appellants, Husan Abushmais, El Sharkawy, and their related corporate entities, alleging, inter alia, that appellants conspired to dispossess him of the leased property. The original complaint against Erby was subsequently dismissed and Erby thereafter filed, and the superior court granted, a motion for summary judgment on his claims against appellants.

Appellants appealed, contending that the superior court lacked jurisdiction over the action because Erby was required to file a petition for writ of certiorari, not a notice of appeal, after entry of the default judgment. See OCGA § 15-10-41 (b) (2). The Court of Appeals determined that Erby's notice of appeal had no effect on the magistrate court's authority to transfer the action to superior court and that transfer to the superior court was proper under the applicable rules.

1. As an initial matter, we note that the term "subject-matter jurisdiction" has often been loosely used by courts, and as used by Erby and the Court of Appeals in framing the issues in this case, has caused substantial confusion. See *Hopkins v. Hopkins*, 237 Ga. 845 (229 SE2d 751) (1976). This confusion arises out of the failure of courts to clearly distinguish between subject-matter jurisdiction, personal jurisdiction, venue, and as here, the applicable statutory procedure for pursuing an appeal. See generally id. The phrase "subject-matter jurisdiction," as defined by this Court, " 'refers to subject matter alone,' i.e., 'conferring jurisdiction in specified kinds of cases.' [Cit.]" Id. at 846. " 'Jurisdiction of the subject matter does not mean simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which that particular case belongs.' [Cit.]" Id.

In this appeal, although appellants framed their challenge to the superior court's order as an attack on that court's lack of subject-matter jurisdiction over the transferred action, the real issues were whether Erby followed the applicable statutory procedure for pursuing an appeal from the magistrate court's default judgment and the related question of whether the magistrate court properly transferred the underlying dispossessory action to superior court, thereby authorizing that court to rule on the particular facts in the case before it.

Although Erby filed a notice of appeal from the magistrate court's order finding him in default for failure to file an answer, no appeal lies from entry of a default judgment in magistrate court. OCGA § 15-10-41 (b) (2). The only avenue for review of such judgments under Georgia law is by certiorari to the state or superior court

of that county, id., and in civil cases, the writ of certiorari operates as supersedeas of the judgment only after it is granted. OCGA § 5-4-19. Accordingly, Erby's filing of a notice of appeal did not divest the magistrate court of its authority over the underlying dispossessory action.

2. Although the notice of appeal had no effect on the magistrate court's authority over the dispossessory action, the court previously had entered a default judgment in favor of appellants. Erby filed a motion to set aside the default judgment and the magistrate court chose to hold an unreported hearing on that motion. See *Howe v. Roberts*, 259 Ga. 617 (1) (385 SE2d 276) (1989) (magistrate court not required to follow Civil Practice Act but is permitted, if it chooses, to do so). The court then entered an order which provided, in pertinent part, that

> upon agreement of the parties, this case shall be transferred to the superior court because there are issues that may only be resolved in the Superior Court. . . . [Erby] shall pay $2500 into the registry of the Court [monthly]. . . . Superior court clerk shall *not* disburse this money until a hearing is held and an order is made by the Superior court judge.

The magistrate court, however, was not authorized to set aside the default judgment and transfer the case to superior court based upon the parties' agreement because entry of the default judgment triggered application of OCGA § 9-11-60 (d), which restricts to very limited circumstances a court's authority to set aside final judgments. Only after the default judgment had properly been set aside would the magistrate court be authorized to transfer the case inasmuch as until the default judgment was set aside, there was no case pending before the magistrate court.

In the absence of an express order setting aside the default judgment, the Court of Appeals held that the magistrate court "essentially" granted Erby relief from the default judgment by permitting him to pay rent into the registry of the court and transferring the case to superior court. This ruling fails to recognize that under Georgia law, "OCGA § 9-11-60 provides the sole means of attacking a judgment." *Vangoosen v. Bohannon*, 236 Ga. App. 361 (1) (511 SE2d 925) (1999). A trial court thus may either grant or deny a motion to set aside a judgment in accordance with OCGA § 9-11-60, but it cannot "essentially" do one or the other. Because Erby's motion to set aside was not granted, the default judgment stood as a final order and the magistrate court's attempt to transfer the case to superior court was improper.

Nevertheless, the record in this case makes clear that appellants failed to challenge the propriety of the transfer order in superior court, despite multiple opportunities to do so, and there is no dispute that the superior court would have subject-matter jurisdiction over the dispossessory action had the transfer order been proper. Accordingly, we find appellants waived any contention they may have had regarding the magistrate court's authority to transfer the action and the superior court had subject-matter jurisdiction over the case. See OCGA § 9-11-8 (c) (non-jurisdictional defense can be waived by failure to raise it); *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002) ("[f]airness to the trial court and to the parties demands that legal issues be asserted in the trial court. [Cits.]").

3. In an alternative holding, the Court of Appeals determined that appellants could not complain of the transfer to superior court on subject-matter jurisdiction grounds because they consented to the transfer and raised the defense for the first time on appeal. Although not determinative of the issues on appeal, we point out that this holding is in conflict with long-standing statutory and case law requiring courts to dismiss an action "[w]henever it appears, by suggestion of the parties or otherwise, that the court lacks jurisdiction of the subject matter." OCGA § 9-11-12 (h) (3). "The court's lack of subject-matter jurisdiction cannot be waived and may be raised at any time either in the trial court, in a collateral attack on a judgment, or in an appeal. [Cit.]" Ruskell, Davis and Shulman's Ga. Practice and Procedure § 9:3, p. 464 (2007 ed.). See *Jackson v. Gamble*, 232 Ga. 149, 152 (205 SE2d 256) (1974) (waiver or consent to jurisdiction cannot confer jurisdiction over the subject matter).

In light of the above, we disapprove language in the Court of Appeals' opinion suggesting that parties can confer subject-matter jurisdiction on a court by agreement or waive the defense by failing to raise it in the trial court.[1] That is not to say, however, that there is no defense available to an equitable attack on a void judgment. See *Howington v. Howington*, 281 Ga. 242 (1) (637 SE2d 389) (2006) (laches can be defense to action attacking validity of divorce decree); *Watson v. Watson*, 235 Ga. 136, 138 (218 SE2d 863) (1975) (equitable attack on void judgment "may be defended against with equitable defenses"). Under limited circumstances, the equitable defenses of laches and estoppel may prevent a party from complaining of a court's lack of subject-matter jurisdiction. See *Doke v. Doke*, 248 Ga. 514 (2)

---

[1] We also disapprove of the similar language found in *Smith v. Smith*, 248 Ga. 268 (2) (282 SE2d 324) (1981); *Mathews v. Mathews*, 244 Ga. 757 (2) (262 SE2d 69) (1979); *Palmes v. Palmes*, 236 Ga. 115, 117 (223 SE2d 86) (1976); *Bradley v. Dockery*, 232 Ga. 692, 693 (208 SE2d 496) (1974); *Johnson v. Johnson*, 230 Ga. 204, 206 (196 SE2d 394) (1973); and *New v. Wilkins*, 178 Ga. App. 337, 341 (343 SE2d 136) (1986).

(284 SE2d 419) (1981); *Herring v. Herring*, 246 Ga. 462, 463-464 (271 SE2d 857) (1980); *Smith v. Smith*, 243 Ga. 525 (1) (255 SE2d 46) (1979); *Williams v. Pique*, 234 Ga. 344, 345 (216 SE2d 100) (1975).
  *Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 29, 2007.

*Edwards, McLeod & Money, James M. Money*, for appellants.
Ahmed El Sharkawy, *pro se.*
Calvin Erby, *pro se.*