A94A1456. DAVALOS v. PERDUE.
(449 SE2d 861)

BIRDSONG, Presiding Judge.

Pursuant to our grant of a discretionary appeal, Clara Ray Davalos appeals the judgment of the superior court reviewing by certiorari a decision of the magistrate court. The record shows that after Davalos was sued by Perdue in magistrate court for property damage incurred in an automobile accident, she answered and asserted a counterclaim for her own damages. The case was scheduled for trial, but upon Perdue's request, the case was continued to February 18, 1993. According to a letter in the record, this date conflicted with

Davalos' unexpected proceedings in probate court on a matter concerning her husband's estate. Rather than properly seeking a continuance, Davalos, pro se, sent a letter to Perdue on February 11, 1993, which the record shows was filed on February 16, 1993, advising him that she would be unable to attend the rescheduled hearing. The letter shows that copies were sent to the clerk of court and Perdue's attorney. Although Davalos contends that she later testified that she called the office of Perdue's attorney and was assured by his secretary that there would be no problem with the continuance, this is not reflected in the record because the proceedings were not transcribed and the magistrate's answer to Davalos' petition for certiorari asserted a lack of information upon which to admit or deny this assertion.

Nevertheless, the hearing was not rescheduled and when Davalos did not appear, on February 18, 1993, the magistrate awarded Perdue the full amount of his claim even though his claim was unliquidated and he presented no evidence. Moreover, the magistrate admitted the allegations in Davalos' petition for certiorari that the default judgment was entered based solely on defendant's failure to appear because no evidence and no proof of damages were presented by Perdue. The magistrate also admitted that the judgment had no legal basis and was void, and that the magistrate did not adjudicate Davalos' counterclaim. Perdue did not traverse the answer.

To further illustrate the confusion below, the record shows that on March 3, 1993, apparently relying on Davalos' letter, the clerk of the magistrate court sent out a notice setting a trial for March 18, 1993, notwithstanding the earlier entry of the default judgment. Davalos, however, contends that she did not receive this notice.

Davalos contends she learned of the judgment against her when she received post-judgment interrogatories. The record shows she then attempted to set aside the default judgment, and when that was unavailing, she petitioned the superior court for a writ of certiorari.

Ultimately, the superior court found that Davalos did not secure a continuance of the hearing, that Perdue did not present evidence on his damages, and that Davalos' counterclaim did not survive the default judgment on Perdue's claim. The superior court then remanded the case to the magistrate court on the issue of damages, but did not set aside the writ of fieri facias that was based upon the default judgment.

Davalos contends the superior court erred by failing to declare the magistrate court judgment null and void, by ruling that her counterclaim had been adjudicated by the magistrate court, by refusing to void the writ of fieri facias issued pursuant to the magistrate court's judgment, and by ruling that there had been no continuance of the magistrate court trial. *Held*:

In *Green v. Green*, 263 Ga. 551 (437 SE2d 457), our Supreme Court recently considered an appeal with somewhat similar facts. In *Green*, a pro se plaintiff did not appear for the trial of her case, and the trial court entered judgment for the defendant on his counterclaim. Although *Green* primarily concerned the pro se plaintiff's failure to appear because of lack of actual notice of the trial date and this appeal concerns the failure of a pro se defendant to appear because she did not properly secure a continuance, the principles are the same. The plaintiff is entitled to have the defendant's answer stricken and a default judgment entered when the defendant fails to appear at the hearing (OCGA § 15-10-43 (e) (1)), but this is the most extreme sanction available for the failure to appear. Thus, when the record before the court shows that a pro se party has requested a continuance, albeit improperly, because of a conflict with another court appearance, the failure of the pro se party to appear for trial is not a sufficient basis to warrant granting a default judgment. See *Green*, supra at 553. "That spirit of cooperation and civility, when taken together with the notions of fundamental fairness that lie at the heart of the principle of due process of law, requires that attorneys, as officers of the court, make a good faith effort to ensure that all parties to a controversy have a full and fair opportunity to be heard." Id. at 554-555. Whether to enter a default judgment under these circumstances should be based upon all the circumstances and not just the parties' failure to appear. See *Spyropoulos v. John Linard Estate*, 243 Ga. 518, 519 (255 SE2d 40). Accordingly, given the fact that Davalos' technically inchoate request for a continuance was in the record, absent other considerations not appearing here the proper exercise of the magistrate's discretion required that the judgment should be set aside. OCGA § 15-10-43 (g). Further, "[a]ll rules and regulations relating to pleading, practice, and procedure shall be liberally construed so as to administer justice." OCGA § 15-10-44 (b). "Pro se pleadings are held to less stringent standards than pleadings that are drafted by lawyers." *Thompson v. Long*, 201 Ga. App. 480, 481 (1) (411 SE2d 322). Therefore, we find that the superior court erred by not setting aside the default judgment against Davalos. *Green*, supra at 555. This is not a case where a pro se party has engaged in dilatory trial tactics. Justice would be ill served in finding that Davalos' letter (which was duly filed and in fact in the magistrate's possession) was not in substance a legitimate request for continuance, and it is not asserted that Davalos did not in fact have a conflicting court appearance in another unrelated judicial proceeding. In this regard, we find that setting aside the default judgment is warranted since the case was remanded for a hearing in any event.

The judgment of the superior court is reversed and remanded so that the case may be remanded to the magistrate court for proceed-

ings in accordance with this opinion.

*Judgment reversed and remanded. Blackburn and Ruffin, JJ., concur.*

DECIDED SEPTEMBER 21, 1994 —
RECONSIDERATION DENIED OCTOBER 24, 1994 —

*Gary C. Harris,* for appellant.
*David C. Jones, Jr.,* for appellee.