## A01A1376. CARDENAS v. LIMON.
### (552 SE2d 884)

PHIPPS, Judge.

The question in this case is whether the superior court has jurisdiction to hear a direct appeal from a magistrate court's denial of a motion to set aside a default judgment. The answer lies in the plain language of OCGA § 15-10-41 (b) (2) prohibiting such appeals.

David Limon sued Leopoldo Cardenas in Polk County Magistrate Court. The magistrate entered a default judgment against Cardenas after he failed to appear for the hearing. Cardenas filed motions to set aside the judgment and to open the default judgment, arguing that he had not received notice of the hearing. The magistrate denied both motions. Cardenas then appealed to the Polk County Superior Court, which dismissed the appeal for lack of jurisdiction on the ground that the proper route of appeal was by certiorari. We granted Cardenas's application for discretionary appeal of the superior court's ruling.

Under Title 15 of the Georgia Code, which governs civil proceedings in magistrate court, judgments of the magistrate court generally may be directly appealed to the state court or superior court.[1] However, OCGA § 15-10-41 (b) (2) provides that "[n]o appeal shall lie from a default judgment. Review shall be by certiorari to the state court of that county or to the superior court of that county." In this case, Cardenas did not apply for a writ of certiorari to the superior court; instead, he filed a direct appeal. Thus, the superior court properly dismissed his appeal for lack of jurisdiction.

Cardenas argues that he was appealing not from the default judgment, but from the magistrate's denial of his motion to set aside the default judgment. Cardenas points to OCGA § 15-10-43 (g), which provides that

> the magistrate court may grant relief from a judgment under the same circumstances as the state court may grant such relief. Requests for relief from judgments in the magistrate court shall be by filing a new action pursuant to this Code section. The procedure shall then be the same as in other cases except the court may assess costs as seem just.

According to Cardenas, because a motion to set aside a magistrate court judgment is a new action, the magistrate court's ruling on that motion should be directly appealable to the superior court.[2]

---

[1] OCGA § 15-10-41 (b) (1).

[2] Cardenas cites *Mills v. Sam Duggan Leasing*, 180 Ga. App. 299 (349 SE2d 3) (1986), in which the defaulting party in magistrate court apparently obtained superior court review of

However, Cardenas did not file a new action challenging the default judgment, as contemplated by OCGA § 15-10-43 (g). Instead, he filed two motions to set aside the judgment, using the same case number as the original action. Thus, assuming § 15-10-43 (g) permits direct appeals in new actions seeking relief from default judgments, Cardenas did not follow the procedure set forth in that Code section. He is therefore bound by the provisions of OCGA § 15-10-41 (b) (2).

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED JULY 20, 2001.

*C. Troy Crouse*, for appellant.
*Jeffrey S. Denny*, for appellee.

the default judgment via direct appeal. However, we dismissed that appeal and did not address the propriety of the procedure below. Cardenas also cites *Davalos v. Perdue*, 215 Ga. App. 27, 28 (449 SE2d 861) (1994), but there the defaulting party "attempted to set aside the default judgment, and when that was unavailing, she petitioned the superior court for a writ of certiorari." Once again, we did not pass upon the correctness of that procedure.