A04A1030. SHELLEY v. SHANNON et al.
(601 SE2d 131)

ELDRIDGE, Judge.

The principal question in this case is whether the state court has jurisdiction to hear de novo an appeal from a magistrate court's denial of a new action seeking relief from the entry of default judgment under OCGA § 15-10-43 (g), this as distinct from its jurisdiction to review de novo an appeal from the magistrate court's entry of default judgment in the original action. As to the latter, it is well settled that "[n]o appeal shall lie from a default judgment. Review shall be by certiorari to the state court of that county or to the superior court of that county." OCGA § 15-10-41 (b) (2).

Ida V. Shelley contends that the state court erred in dismissing her de novo appeal of the magistrate court's judgment upon her petition for relief from judgment as filed in a new action seeking relief from default judgment under OCGA § 15-10-43 (g). Otherwise, Shelley claims that upon granting her petition for certiorari, the state court erred in affirming the magistrate court's judgment on her petition insofar as the magistrate judge found that she had been properly served through her husband and that damages in the underlying action were liquidated, foreclosing the need to hear evidence thereon. Finding that OCGA § 15-10-41 (b) (2) prohibits any

---

[3] See *Hosp. Auth. of Calhoun County v. Walker*, 224 Ga. App. 163, 164 (2) (480 SE2d 849) (1996).
[4] Id.

direct appeal from a magistrate court's entry of default judgment, we affirm since this is an attempt to do by indirection what is prohibited from being done directly.

Appellee-defendant in certiorari Harvey M. Koenig, an attorney, filed a claim for fees in the Magistrate Court of Henry County against a former client, appellant-petitioner in certiorari Shelley. The magistrate judge entered a default judgment against Shelley after she failed to appear for the hearing. By letter to the magistrate court, Shelley, pro se, thereafter challenged the perfection of service of process and the propriety of the default judgment. Upon considering Shelley's claims as a motion to dismiss, a motion to send case to arbitration, and a motion to set aside default judgment, the magistrate court denied them. Shelley filed a notice of appeal in the magistrate court,[1] citing the original case number assigned to Koenig's action against her. The magistrate court, in turn, forwarded the same as a de novo appeal to the State Court of Henry County. See OCGA § 15-10-41 (b) (except as to appeals from default judgment, judgments returned in magistrate court authorized direct appeal de novo to state or superior court of the county). There the state court dismissed the appeal in the alternative, i.e., (a) *if* deemed a direct de novo appeal from the magistrate court's rulings on Shelley's motions seeking relief from default judgment, then dismissed for failure to file a new action under OCGA § 15-10-43 (g); *Cardenas v. Limon*, 250 Ga. App. 694-695 (552 SE2d 884) (2001), or, (b) *if* deemed an appeal from the default judgment in the original action, then dismissed under OCGA § 15-10-41 (b) (2) ("No appeal shall lie from a default judgment. Review shall be by certiorari to the state court . . . or to the superior court of that county.").

Subsequently, Shelley brought a new action in the magistrate court under OCGA § 15-10-43 (g), this styled as a petition for relief from judgment, assigned a new case number, and seeking review of the default judgment against her upon the grounds first advanced in the original action. This the magistrate court declined to do, finding for Koenig as to his claim on account; that service had been perfected upon Shelley by service of process upon her husband;[2] and that the attorney fees prayed for as damages were liquidated.

Shelley then sought review of the magistrate court's ruling, contemporaneously filing a direct appeal de novo in the magistrate court and a writ of certiorari in the state court. Upon granting Shelley

---

[1] Shelley erroneously styled her notice of appeal as one to this Court. Attributing this to technical error, the state court addressed the appeal on its merits.

[2] Shelley was then commuting to a job in the Washington, D.C., area from her residence in Georgia.

certiorari, but affirming the judgment of the magistrate court, the state court dismissed her de novo appeal. We granted Shelley's application for discretionary appeal of the state court's ruling. See OCGA § 5-6-35 (a) (11) (application for discretionary review of Georgia's appellate courts lies as to "[a]ppeals from decisions of the state courts reviewing decisions of the magistrate courts by de novo proceedings so long as the subject matter is not otherwise subject to a right of direct appeal"); *Strachan v. Meritor Mtg. Corp. East*, 216 Ga. App. 82 (453 SE2d 119) (1995). *Held*:

1. Upon our review of this issue of first impression, we find that the state court correctly determined that OCGA § 15-10-43 (g) is unavailable to parties seeking to avoid the bar to direct de novo appeal from default judgment in magistrate court under OCGA § 15-10-41 (b). To construe a new action seeking relief from default judgment under OCGA § 15-10-43 (g) as permitting the direct de novo appeal which OCGA § 15-10-41 (b) plainly forbids as to the review of default judgment in the original action would be to recognize a distinction without a difference in the statute, elevating form over substance in derogation of the clear legislative intent. "It is a basic rule of construction that a statute or constitutional provision should be construed to make all its parts harmonize and to give a sensible and intelligent effect to each part, as it is not presumed that the legislature intended that any part would be without meaning." (Citation and punctuation omitted.) *Brown v. Liberty County*, 271 Ga. 634, 635 (522 SE2d 466) (1999); accord *Rebich v. Miles*, 264 Ga. 467, 468-469 (448 SE2d 192) (1994) ("[T]he underlying subject matter generally controls over the relief sought in determining the proper [appellate] procedure.").

2. In light of our disposition of Division 1, we need not address Shelley's remaining claims of error.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED MAY 25, 2004 —

*Crumbley & Crumbley, Wade M. Crumbley*, for appellant.
*Smith, Bassett, Purcell & Koenig, Harvey M. Koenig*, for appellees.