A05A1954. WILSON v. 72 RIVERSIDE INVESTMENTS, LLC.
(626 SE2d 521)

MIKELL, Judge.

This is an appeal from an order granting a petition to execute a judgment. The Magistrate Court of Bartow County entered the underlying judgment on March 8, 2004, nunc pro tunc to February 26, 2004, in favor of appellee 72 Riverside Investments, LLC ("Riverside") against Paul A. Wilson, Raymond B. Wilson, and Philip Machen in the amount of $18,801.37 for past due rent, plus interest and accrued court costs. On April 13, 2005, Riverside filed a petition to execute that judgment against Paul and Raymond Wilson in the Superior Court of Bartow County, which the court granted. In his pro

se appeal, Paul A. Wilson, the sole appellant,[1] challenges the trial court's order and argues that the court should have prohibited the sheriff's sale that ensued.[2] We affirm.

In its petition, Riverside alleged that Wilson owned several patent applications currently filed with the United States Patent and Trademark Office and identified the patent application numbers assigned thereto. Riverside requested that the court order Wilson to deliver his ownership in the patent applications to Riverside in an amount equal to the judgment amount, plus interest, "at an objectively determined market value or *in toto*." The trial court ordered, in pertinent part, "that whatever patent or patent application rights or interests that are claimed or owned by . . . Paul A. Wilson are hereby levied upon to the benefit of [Riverside] and, by virtue of said levy, those rights or interests are hereby transferred to [Riverside]." Wilson appeals from this order. As Wilson's issues involve questions of law, "we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review."[3]

1. In his first enumerated error, Wilson argues that the trial court's written order did not conform to its oral order and that the order is incorrect because Riverside did not prove that Wilson owned any patents. We disagree.

During the hearing on Riverside's petition, the following colloquy occurred:

> The Court: [A]ll [Riverside's counsel] is asking for is for me to give him an order that gives [Riverside] a lien against any patents that . . . you own or any patent applications that . . . you own. Why would you object to that if you don't own any?
> [Wilson]: I don't. That's what my complaint was is I don't object to that at all. It's just I object that he's accusing me of owning them.

Later during the hearing, Wilson stated: "Basically what you are saying, Your Honor, is anything that I may have he can put a lien on[,]" to which the trial judge replied: "Right." Wilson then added: "Yeah, as long as it's not specified that I own that patent."

The trial court ultimately ruled that it was without authority to determine what patents Wilson owned, but would enter an order giving Riverside a lien against any patents or patent applications that the appropriate entity determined were owned by Wilson. As

---

[1] Raymond Wilson and Philip Machen are not parties to this appeal.

[2] Wilson does not contest the validity of the underlying judgment.

[3] (Citation omitted.) *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

stated earlier, the trial court's written order permitted Riverside to levy upon whatever patent or patent application rights or interests were claimed or owned by Wilson and transferred those rights or interests to Riverside. We find that the trial court's written order conformed to its oral ruling. Additionally, in light thereof, Riverside was not required to prove Wilson's ownership of the patents or patent applications.[4] Accordingly, this enumeration of error fails.

2. Next, Wilson argues that the trial court lacked jurisdiction to rule on this matter because patent law involves federal questions that must be interpreted by a federal court. However, Wilson never raised the affirmative defense of subject matter jurisdiction in his answer or in a separate motion, as is required by OCGA § 9-11-12 (b) (1), nor did he seek the removal of this case to federal court or otherwise assert this argument below.

> [O]ur appellate courts are courts for the correction of errors of law committed in the trial court. Routinely, this Court refuses to review issues not raised in the trial court. To consider the case on a completely different basis from that presented below would be contrary to the line of cases holding, "He must stand or fall upon the position taken in the trial court." Fairness to the trial court and to the parties demands that legal issues be asserted in the trial court.[5]

In this case, Wilson and the trial court discussed at length the fact that a federal court would have to determine whether Wilson owned the patent applications. Yet, Wilson never questioned the court's jurisdiction to address the issues raised in the case. Accordingly, this issue was not preserved for our consideration.

3. In his third enumerated error, Wilson argues that the trial court should have granted his motion for reconsideration of the order because Riverside did not prove that he owned or had interest in the patents. As we discussed in Division 1, proof of this nexus was not required. Wilson also maintained that the court should have modified its order to specify the patent numbers that were subject to the order. Because Wilson provided no argument or citation of authority in support of this argument, we deem it abandoned in accordance with Court of Appeals Rule 25 (c) (2).[6]

---

[4] We note, too, that Wilson acquiesced in the trial court's ruling; thus, he cannot complain about it on appeal. See *Firstline Corp. v. Valdosta-Lowndes County Indus. Auth.*, 236 Ga. App. 432, 434 (2) (511 SE2d 538) (1999).

[5] (Punctuation and footnotes omitted.) *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002).

[6] See *Rolleston v. Estate of Sims*, 253 Ga. App. 182, 185 (3) (558 SE2d 411) (2001).

4. In his next enumerated error,[7] Wilson contends that the trial court erred when it did not modify the order, but does not proffer the manner in which the order should have been modified. In the argument section of his brief, Wilson argues that the trial court erred by allowing "the testimony of Petitioner's opinion, to stand as to 35 USC § 261 interpretation(s)." We find no error.

As best we can discern, it appears that Wilson is arguing that Riverside misstated the law. Pretermitting whether Riverside's interpretation of patent law was incorrect, Wilson raised no objection thereto. In the event that Wilson is arguing that the "testimony" constituted evidence which the court should not have allowed, Wilson waived this objection as well. "A party who fails to raise a contemporaneous objection to the admissibility of evidence waives the objection."[8]

Wilson contends that the trial court erred when it prevented him from offering his interpretation of patent law at two points during the hearing. In the first portion of the transcript to which Wilson refers us, the trial court states: "But for right now don't tell me what 35 U. S. Code says. I do want to hear that later, but I need evidence from you." In the next portion that Wilson references, Wilson agreed with the trial court's statement that applications for patents are assignable. The record does not support Wilson's argument. Thus, we find no error.

5. Wilson next argues that the trial court erred by allowing Riverside to proceed with a sheriff's sale after Wilson filed his notice of appeal. Again, Wilson provides no argument or citation of authority in support of his argument. Therefore, we deem this error abandoned in accordance with Court of Appeals Rule 25 (c) (2).[9]

6. Finally, Wilson argues that the sheriff's sale was invalid because he did not receive notice of same. From what we can surmise from Wilson's brief and the record, the facts relevant to this error began with the trial court's entry of a supersedeas bond order.

Riverside filed a motion for supersedeas bond on May 24, 2005. On June 2, 2005, the trial court granted the motion, requiring Wilson to post a bond in the amount of $25,000. The trial court further stated that until Wilson posted the bond or other competent form of security, the supersedeas imposed by OCGA § 5-6-37 was void and unenforceable, and Riverside was entitled to exercise its rights. The sheriff's sale occurred thereafter.

---

[7] In his appellate brief, Wilson enumerates two errors as error no. 3. This division pertains to the latter.

[8] (Footnote omitted.) *Jones v. Chatham County Bd. of Tax Assessors*, 270 Ga. App. 483, 487 (4) (606 SE2d 673) (2004).

[9] See *Rolleston*, supra.

Wilson did not seek to set aside the supersedeas bond order or the sheriff's sale. Therefore, issues pertaining to the validity of the order and sale are not properly before this Court.[10] A fortiori, the issue of whether Wilson received adequate notice of the sale was not preserved for our review. Nonetheless, we have held that the failure to post a bond results in the removal of any supersedeas features of the appeal, which permits a judgment creditor to take steps to collect his debt, in this case, the sheriff's sale, as long as he remembers that he does so at his peril if the case is reversed on appeal.[11] Accordingly, this enumerated error fails as well.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JANUARY 20, 2006.

Paul A. Wilson, *pro se.*
*Tyler C. McCain,* for appellee.

---

[10] See *McFarren v. State,* 210 Ga. App. 889, 892 (4) (437 SE2d 869) (1993) (this Court lacks jurisdiction to review orders issued after the date of the notice of appeal).

[11] *Hawn v. Chastain,* 246 Ga. 723, 727 (273 SE2d 135) (1980); *Hubbard v. Farmers Bank,* 153 Ga. App. 497, 499 (265 SE2d 845) (1980).