A06A0972. ABUSHMAIS et al. v. ERBY.
(637 SE2d 725)

MIKELL, Judge.

In this appeal, we reject appellants' challenge to the superior court's exercise of jurisdiction over an action transferred from magistrate court. The relevant facts follow.

The underlying action began as a dispossessory action filed by Ahmed El Sharkawy against Calvin Erby in the Magistrate Court of Douglas County. Erby owned a check cashing business located inside a gas station/convenience store, and he leased the space for his business from Super Stop 2, Inc., on September 1, 2001. Super Stop was owned by Husan Abushmais.[1] On October 3, 2003, Super Stop sold its interest in the premises to Express Mart, Inc., which was owned by El Sharkawy. The dispossessory action, filed on February 2, 2004, claimed that Erby failed to pay monthly rent of $2,500. The magistrate court entered a default judgment against Erby on February 19, 2004, for failure to answer the summons. On February 25, Erby filed a notice of appeal to the superior court. The following day, however, Erby filed a motion to set aside and vacate the default judgment, claiming he was not served with a copy of the complaint and summons in the dispossessory action. El Sharkawy filed a brief in opposition to Erby's motion, and the court set the matter down for a hearing.

On March 23, 2004, the court held a hearing, which apparently was not transcribed, and issued the following order:

---

[1] Abushmais and Super Stop are the only two appellants herein.

> Upon agreement of the parties, this case shall be transferred to the Superior Court because there are issues that may only be resolved in the Superior Court. Evidence was heard in this case for a few hours. The Defendant shall pay $2500.00 into the registry of the Court . . . on the 1st day of every month . . . beginning 3/1/04. . . . Superior Court Clerk shall *not* disburse this money until a hearing is held and an order is made by the Superior Court Judge. The parties have an urgent issue as to whether or not Plaintiff should be cashing checks in that tenant (Defendant Calvin Erby) has a check cashing business inside the Plaintiff's store. There is also another urgent issue as to whether or not Defendant should be paying $2500 a month rent or $2500 a year rent based on [two] different leases.

The case proceeded in superior court in accordance with the magistrate court's transfer order. On April 7, 2004, Erby filed a motion for an ex parte temporary restraining order in the superior court, noting in the caption of the motion that the matter had been transferred from magistrate court. The superior court denied the request for ex parte relief but set the motion for a temporary restraining order down for a hearing. El Sharkawy filed a brief in opposition. Although it appears that a hearing was held on June 1, no transcript has been filed for inclusion in the record on appeal.

On July 14, 2004, Erby filed in superior court an amended answer, counterclaim, and third-party complaint against El Sharkawy, Abushmais, Super Stop, and Express Mart. Erby claimed that El Sharkawy and Abushmais illegally conspired to modify the amount of rent due under the lease from $2,500 per year to $2,500 per month in an effort to dispossess him. In addition to conspiracy, Erby alleged counts of fraud, perjury, interference with business relations, intentional infliction of emotional distress, and punitive damages.

Third-party defendants, Abushmais, Super Stop, and Express Mart, filed an answer to the third-party complaint. They did not assert lack of subject matter jurisdiction as an affirmative defense,[2] and they conceded that the dispossessory action had been transferred from magistrate to superior court. Appellants further admitted that Abushmais testified at the dispossessory hearing in magistrate court.

Third-party defendants then filed a motion for judgment on the pleadings, again failing to raise the issue of subject matter jurisdiction. The superior court denied the motion on February 24, 2005. On March 14, 2005, Erby moved to dismiss El Sharkawy's complaint and

---

[2] See OCGA § 9-11-12 (b) (1), (h) (3).

Express Mart's answer, asserting that El Sharkawy, which owned Express Mart, had fled the United States and the court's jurisdiction. Three days later, El Sharkawy and Express Mart dismissed all of their claims against Erby without prejudice.

Shortly thereafter, Erby moved for summary judgment on his counterclaim and third-party complaint. In their brief in opposition, third-party defendants argued that because the dispossessory action had been dismissed, the superior court had lost jurisdiction over the third-party claim, such that it should be dismissed. Third-party defendants did not assert that the superior court had lacked subject matter jurisdiction over the transferred action. The court granted Erby's motion for summary judgment against the third-party defendants, and Abushmais and Super Stop appeal.

In their sole enumeration of error, appellants contend that the superior court lacked subject matter jurisdiction over the transferred action because Erby was required to apply for a writ of certiorari rather than file a notice of appeal from the entry of the default judgment. Under OCGA § 15-10-41 (b) (2), an appeal does not lie from a default judgment entered in magistrate court; review must be by certiorari to either state or superior court. In the case at bar, however, no action was taken upon Erby's notice of appeal; it was premature and rendered a nullity by the magistrate court's subsequent order transferring the action to the superior court. The superior court properly exercised jurisdiction pursuant to the transfer order, not the notice of appeal.

Further, the magistrate court's transfer order was authorized by Uniform Magistrate Court Rule 36, which provides: "In all cases where it is determined by the court that the court in which a case is pending lacks jurisdiction, or venue, or both, [the] court shall [by written order] transfer the case in accordance with Article VI, Section 1, Paragraph 8, of the 1983 Constitution of the State of Georgia." Rule T-4 of the Uniform Transfer Rules similarly permits a magistrate court to transfer the action on its own motion, when, after a hearing, the court determines that it lacks subject matter jurisdiction.[3]

In addition, *Cardenas v. Limon*[4] and *Shelley v. Shannon*,[5] cited by the appellants, do not negate the propriety of the method by which the superior court exercised jurisdiction in this case. In *Cardenas*, a

---

[3] See generally *Hubbert v. Williams*, 175 Ga. App. 393, 396 (3) (333 SE2d 425) (1985) ("The 1983 Constitution requires that the court 'shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere,' [and t]he Supreme Court has promulgated Uniform Transfer Rules to provide an orderly process for the implementation of this mandate") (citation omitted).

[4] 250 Ga. App. 694 (552 SE2d 884) (2001).

[5] 267 Ga. App. 582 (601 SE2d 131) (2004).

magistrate court entered a default judgment after the defendant failed to appear for the hearing.[6] The court then denied the motion to set aside the judgment, and the defendant appealed to the superior court.[7] We affirmed the superior court's dismissal of the appeal for lack of jurisdiction on the ground that the proper route of appeal was by certiorari.[8] In *Shelley*, the defaulting party in magistrate court sought relief from the entry of a default judgment by filing a new action pursuant to OCGA § 15-10-43 (g).[9] The magistrate court denied her request for relief, and she sought review by simultaneously filing a notice of appeal in the magistrate court and a writ of certiorari in the state court.[10] The state court granted certiorari, affirmed the judgment of the magistrate court, and dismissed the petitioner's de novo appeal.[11] On discretionary review, we affirmed, holding that OCGA § 15-10-43 (g) may not be used to circumvent the prohibition in OCGA § 15-10-41 (b) (2) against a direct appeal from the entry of default judgment.[12] Thus, we concluded that a direct appeal will not lie from a magistrate court's denial of a new action seeking relief from the entry of default judgment under OCGA § 15-10-43 (g).[13]

The case at bar is distinguishable from *Cardenas* and *Shelley*. In those cases, the magistrate court denied the petitioner's request for relief from a default judgment, and the appeals process was governed by OCGA § 15-10-41 (b). In this case, the magistrate court essentially granted Erby relief from the default judgment by permitting him to pay rent into the registry of the court and by transferring the case to the superior court to resolve issues which the magistrate court deemed outside of its jurisdiction. Hence, OCGA § 15-10-41 (b) does not govern this action.

Moreover, appellants cannot complain for the first time on appeal to this Court that the case was improperly transferred from magistrate court to superior court. While "[s]ubject matter jurisdiction is conferred to a court by state law, and cannot be extended or divested by waiver or agreement of the parties,"[14] this case was

---

[6] *Cardenas*, supra.

[7] Id.

[8] Id. See OCGA § 15-10-41 (b) (2).

[9] *Shelley*, supra at 582. OCGA § 15-10-43 (g) states that "the magistrate court may grant relief from a judgment under the same circumstances as the state court may grant such relief. Requests for relief from judgments in the magistrate court shall be by filing a new action pursuant to this Code section."

[10] *Shelley*, supra at 583.

[11] Id. at 583-584.

[12] Id. at 584 (1).

[13] Id. at 583.

[14] (Citations omitted.) *Euler-Siac S.P.A. v. Drama Marble Co.*, 274 Ga. App. 252, 254 (1), n.

transferred by consent to a court of appropriate jurisdiction. Further, as noted above, appellants never raised the affirmative defense of lack of subject matter jurisdiction in their answer or in a separate motion, as is required by OCGA § 9-11-12 (b) (1), or even in their motion for judgment on the pleadings.

> Our appellate courts are courts for the correction of errors of law committed in the trial court. Routinely, this Court refuses to review issues not raised in the trial court. To consider the case on a completely different basis from that presented below would be contrary to the line of cases holding, "He must stand or fall upon the position taken in the trial court." Fairness to the trial court and to the parties demands that legal issues be asserted in the trial court.[15]

Appellants conceded that Abushmais testified at the hearing which culminated in the transfer of the case to superior court and that he was aware of the transfer order. Appellants had multiple opportunities to challenge the propriety of the transfer order in superior court. They will not be heard to do so for the first time in this Court.[16]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 7, 2006 —
RECONSIDERATION DENIED OCTOBER 25, 2006 — ▮▮▮▮▮▮▮

*James M. Money*, for appellants.
*John T. Hopkins IV, John A. Roberts*, for appellee.

---

2 (617 SE2d 203) (2005). See OCGA § 15-1-2; *Snyder v. Carter*, 276 Ga. App. 426, 427 (623 SE2d 241) (2005) (matters concerning subject matter jurisdiction cannot be waived by failure to raise them in proceedings below).

[15] (Punctuation and footnote omitted.) *Wilson v. 72 Riverside Investments*, 277 Ga. App. 312, 314 (2) (626 SE2d 521) (2006). See also *Smith v. Smith*, 248 Ga. 268-269 (2) (282 SE2d 324) (1981) (where parties in divorce action affirmatively conceded court's subject matter and personal jurisdiction, neither party could attack divorce decree as being void for lack of jurisdiction).

[16] *Wilson*, supra.