# Court of Appeals
# of the State of Georgia

ATLANTA,  June 08, 2021

*The Court of Appeals hereby passes the following order:*

## A21A0358. DOURESSEAUX v. THOMAS.

In this child custody case, Jasmine Douresseaux appeals, pro se, from an August 25, 2020 order finding her in willful contempt of a November 18, 2018 Final Order and Parenting Plan. In her notice of appeal, she requested that the clerk "include any evidence lists and evidence presented from the Emergency hearing held on August 18, 2020." While the notice does not exactly track the language of OCGA § 5-6-37, which requires that a notice of appeal "state whether or not any transcript of evidence and proceedings is to be transmitted as a part of the record on appeal," pleadings drafted by pro se parties "are held to less stringent standards than pleadings that are drafted by lawyers." (Citation and punctuation omitted.) *Davalos v. Perdue*, 215 Ga. App. 27, 29 (449 SE2d 861) (1994). See also *Platt v. State*, 342 Ga. App. 664, 665, n.5 (805 SE2d 112) (2017) (construing pro se appellant's brief "forgivingly").

The record before us shows that Douresseaux confirmed that a court reporter would be present at the August 18, 2020 Zoom hearing on the motion for contempt and that she sought the name of the court reporter immediately after the hearing (Douresseaux appeared through Zoom) in an email in which she also referenced the need to pay the court reporter. On September 4, 2020, nine days after she filed her notice of appeal from the order finding her in contempt, she contacted the court reporter by email, stating: "I would like to pay you for the . . . hearing that occurred August 18, 2020  . . . via [Z]oom. I will pay the hourly cost and transcript fee. I will pay by whatever medium you prefer." After Douresseaux followed up with the court reporter on September 9, 2020, the court reporter responded on September 14, 2020,

that she was "in receipt of your transcript request. Once I get the transcript estimate worked up, I will forward the information to you. Hopefully that will be this afternoon." On September 22, 2020, Douresseaux sent another email to the court reporter stating that she had not "received the cost and would like to remit payment for your time and the transcript fee." In a pleading filed with this Court, Douresseaux contends that the court reporter then "terminated communications" with her. Douresseaux recognizes that the lack of a transcript impacts the standard of review on appeal and has asked this Court to order that "the court reporter's recording be filed into the record on appeal." Douresseaux acknowledges in her motion that she "has no way of knowing if the court's reporter is well or on leave" and that she does "not assert purposeful evasion."

Based upon Douresseaux's efforts to obtain the transcript below and the lack of information as to why the court reporter did not further communicate with Douresseaux or prepare the transcript for this appeal, we hereby order that this case be REMANDED to the trial court for completion of the transcript at Douresseaux's expense. Any issues that may arise concerning the completion of the transcript are better resolved in the trial court rather than this Court. See OCGA § 5-6-41 (g). Upon the filing of the transcript in the trial court, the clerk of the court shall transmit the transcript to this Court for redocketing pursuant to the notice of appeal filed in this case.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__06/08/2021_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, Clerk.