**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 30, 2018**

# In the Court of Appeals of Georgia

A18A1192. ALFONZA MCKEEVER, JR. v. CATHY L. SCARVER
     AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY
     ESTATE OF ALFONZA MCKEEVER, JR.

RICKMAN, Judge.

Following the grant of his application for discretionary appeal,[1] Alfonza McKeever, Jr., proceeding pro se, appeals from the DeKalb County Superior Court's order dismissing an appeal of a DeKalb County Magistrate Court order denying a motion to vacate a writ of possession. At the outset, McKeever contends that the superior court applied the wrong subsection of a statute in granting the motion to dismiss. We agree and reverse on that basis.

At a March 2017 hearing in superior court, McKeever testified that, as the owner of the property and a building located at 5361 Covington Highway, he entered

---

[1] McKeever initially filed an application for discretionary appeal on behalf of The Viaduct Group, Inc., Joe Ann McKeever, and himself, but this Court dismissed the application as to The Viaduct Group, Inc. and Joe Ann McKeever.

into a series of leases and amended leases with The Viaduct Group, Inc.[2] from February 2002 to March 2010. Some of the leases between McKeever and Viaduct provided that Viaduct would not be required to pay rent in exchange for renovating the property; others stated that no rent would be required because the renovations had been completed; and one lease provided for rent of $1,000 per month for a ten-year term.

McKeever filed for bankruptcy in October 2010. His bankruptcy case was subsequently converted to a Chapter 7 case, and Cathy Scarver was appointed trustee in April 2013. The only Viaduct lease Scarver obtained in the bankruptcy case provided for rent of $1,000 a month for a period from July 17, 2009 to July 17, 2019. Scarver received rental payments for Viaduct only from May 2013 until February 2014. On November 7, 2016, Scarver, in her capacity as trustee, filed a dispossessory proceeding in DeKalb County Magistrate Court against The Viaduct Group, Inc. and all other occupants of 5361 Covington Highway (hereinafter collectively, "Viaduct"), seeking possession and past due rent in the amount of $31,000, plus additional rent

---

[2] Viaduct is an auto sales company owned by McKeever's aunt (now deceased) and run by family members.

accruing at the rate of $1,000 per month. McKeever responded on behalf of Viaduct that Scarver was not the landlord and that rent was not owed.

Following a trial, the magistrate court awarded Scarver a writ of possession effective December 7, 2016, and $33,000 in rent, plus interest and costs. The magistrate court order provided that if Viaduct appealed, it would be required to pay $33,000 into the registry of the court and ongoing rental payments of $1,000 per month as they became due. Viaduct appealed, but paid no money into the court's registry. As a result, the magistrate court dismissed the appeal and Viaduct and all other occupants of the Covington Highway property were evicted.

Viaduct appealed the magistrate court's order to the DeKalb County Superior Court. Following a hearing, the superior court issued a Final Order and Judgment, finding that Viaduct's obligations under the lease were satisfied by the improvements, repairs and maintenance it had performed and reversing the judgment against Viaduct in part, so that Viaduct was not required to pay $33,000 plus court courts and interest. Neither party appealed from that order.

Viaduct returned to the DeKalb County Magistrate Court and filed an emergency motion to set aside the writ of possession. After conducting a hearing, the magistrate court denied Viaduct's motion, ruling that because it had failed to pay

3

money into the registry of the court or pay rent during the appeal to superior court, it had willfully relinquished possession of the premises. Viaduct appealed that magistrate court order to the DeKalb County Superior Court. Scarver filed a motion to dismiss the appeal for failure to comply with the requirements of OCGA § 15-10-41 (b) (2). The superior court granted Scarver's motion to dismiss because Viaduct had filed a direct appeal instead of a petition for certiorari, which the superior court ruled was required by OCGA § 15-10-41 (b) (2). McKeever appeals from that order, contending that he is one of the "other occupants" evicted from the Covington Highway property.

OCGA § 15-10-41 governs appeals from magistrate court. Subsection (b) (1) of that statute provides a right of direct appeal from magistrate court judgments:

> Except as otherwise provided in this subsection, appeals may be had from judgments returned in the magistrate court to the state court of the county or to the superior court of the county and the same provisions now provided for by general law for appeals contained in Article 2 of Chapter 3 of Title 5 shall be applicable to appeals from the magistrate court, the same to be a de novo appeal. The provisions of said Article 2 of Chapter 3 of Title 5 shall also apply to appeals to state court.[3]

---

[3] Article 2 of Chapter 3 of Title 5 sets forth the procedure for filing a direct appeal in superior court. See OCGA §§ 5-3-20 through 5-3-31.

4

OCGA § 15-10-41 (b) (2) sets forth an exception to the right of direct appeal for cases involving a default judgment or a dismissal for want of prosecution:

> No appeal shall lie from a default judgment or from a dismissal for want of prosecution after a nonappearance of a plaintiff for trial. Any voluntary dismissal by the plaintiff or by order of the court for want of prosecution shall be without prejudice except that the filing of a second such dismissal shall operate as an adjudication upon the merits. Review, including review of a denial of a postjudgment motion to vacate a judgment, shall be by certiorari to the state court of that county or to the superior court of that county.

The trial court relied on the last sentence of subsection (b) (2) to conclude that any review of Viaduct's post-judgment motion to set aside the writ of possession granted by the magistrate court required Viaduct to file a petition for certiorari to the state or superior court.

In construing statutory language, appellate courts must view the text according to its plain and ordinary meaning in the context in which it appears, giving sensible and intelligent effect to all statutory provisions and refraining from any interpretation that renders any part of the statute meaningless. *Regal Nissan, Inc. v. Scott*, ___ Ga. App. ___ (2) (Case No. A18A1337; decided October 9, 2018). Viewing OCGA § 15-

5

10-41 (b) as a whole, we conclude that the trial court misconstrued that section of the statute.

Subsection (b) (1) provides a general right of appeal from magistrate court judgments to state or superior court, subject to the exceptions set forth in subsection (b) (2), which by its terms, applies to review of a default judgment or dismissal for want of prosecution or of motions to vacate those orders. See *Abushmais v. Erby*, 282 Ga. 619, 620-21 (1) (652 SE2d 549) (2007) ("Although Erby filed a notice of appeal from the magistrate court's order finding him in default for failure to file an answer, no appeal lies from entry of a default judgment in magistrate court. The only avenue for review of such judgments under Georgia law is by certiorari to the state or superior court of that county. . . .") (citation omitted); *Infinite Energy, Inc. v. Cottrell*, 295 Ga. App. 306, 308 (1) (671 SE2d 294) (2008) ("Although parties to a magistrate court action generally may appeal an adverse judgment directly to state or superior court, no direct appeal lies from a default judgment."). The magistrate court judgment against Viaduct was not a default judgment or a dismissal for want of prosecution; it was a judgment on the merits and was therefore subject to the provisions of OCGA § 15-10-41 (b) (1). Thus, the trial court erred in granting Scarver's motion to dismiss, and McKeever, to the extent he qualifies as one of the "other occupants" evicted from

the Covington Highway property, is entitled to a direct appeal under OCGA § 15-10-41 (b) (1).

*Judgment reversed. McFadden, P. J., and Goss, J., concur.*