**March 11, 2019**

# In the Court of Appeals of Georgia

A18A1466. JORREE v. PMB RENTALS, LLC.

REESE, Judge.

After the Magistrate Court of Washington County denied Appellant Basmatie Jorree's motion to set aside a default judgment entered against her, she filed a petition for a writ of certiorari in the Superior Court of Washington County. The superior court granted the motion to dismiss filed by Appellee, PMB Rentals, LLC, and we granted the Appellant's application for discretionary review. For the reasons set forth, infra, we vacate the superior court's judgment and remand for further proceedings.

In July 2012, PMB Rentals filed a verified complaint in magistrate court against the Appellant and her husband, Sookdeo Joree[1] (collectively, the "defendants"), alleging in Counts 1, 2, and 3 claims of breach of contract against

---

[1] Although the record has occasional references to "Sookdeo Jorree," his last name more often appears as "Joree," and we adopt that spelling in this opinion.

Sookdeo Joree based on his failure to make the agreed-upon payments on the purchase of three storage units. In Counts 4, 5, and 6, PMB Rentals sought possession of the three units. The remaining counts alleged conversion against both defendants and sought attorney fees and litigation costs.

The following month, PMB Rentals filed a motion for the appointment of a process server. According to the "sheriff's entry of service[,]" the sheriff's department had been unable to perfect service as there was a locked gate at the defendants' residence, which was located approximately 1,000 feet from the roadway. PMB Rentals requested the court to appoint Copus Investigations, LLC ("Copus"), as special process server. The magistrate court granted the motion.

In October 2012, PMB Rentals filed a motion for service by publication, alleging that both the sheriff's department and the special process server had been unable to perfect service on the defendants. In a supporting affidavit, the attorney for PMB Rentals testified that the defendants either could not be found in Washington County for service or they were avoiding service. The magistrate court granted the motion.

In January 2013, PMB Rentals filed a motion for default judgment, averring that the defendants had been "served by publication by way of a legal advertisement

in The Sandersville Progress[,]"[2] but had not filed an answer or other responsive pleading. In an order entered the same day, the magistrate court granted the motion, "it appearing to the Court that more than 60 days ha[d] elapsed since the Order of Publication of the Summons and Complaint[.]"

After designating PMB Rentals as "Plaintiff" and Sookdeo Joree and Basmatie Jorree as "*Defendants*[,]" the magistrate court ordered that "Plaintiff shall have judgment against *Defendant* pursuant to Counts [1, 2, and 3.]"[3] The magistrate court awarded judgment in the amount of $10,714.89, plus fees and costs. The magistrate court also awarded possession of the three properties to PMB Rentals, pursuant to its claims in Counts 4, 5, and 6 of its complaint. The magistrate court did not address the remaining claims.

Almost a year and a half later, the Appellant filed a motion to set aside the default judgment, alleging lack of personal jurisdiction. The Appellant challenged the grounds for the appointment of the special process server and service by publication. The Appellant argued, inter alia, that the attorney's affidavit for service by publication "contained only conclusory statements and/or statements of which [the]

---

[2] The record does not include a certificate of the clerk of court certifying to the publication and mailing. See OCGA § 9-11-4 (h).

[3] (Emphasis supplied.)

3

attorney" lacked firsthand knowledge. PMB Rentals had not provided an affidavit from anyone at Copus regarding the process server's efforts to serve the Appellant. The Appellant also noted that the default judgment appeared to only have been entered against Sookdeo Joree as it stated "Defendant" in the singular and entered judgment on the three breach-of-contract claims that had been asserted only against him.

In support of her contention that she had meritorious defenses and counterclaims, the Appellant also filed a verified answer to the complaint. According to the Appellant, two of the three storage units at issue had been destroyed in a fire and no longer existed. According to the verified answer,

> [a]t some point shortly after the May 17, 2008, purchase of the 10 foot [by] 18 foot [remaining] unit, [the unit] was attached to a 14 foot [by] 18 foot unit on its left side and was attached to a 24 foot [by] 18 foot structure on its right side. After the units were attached: plumbing was installed with working sinks and complete bathrooms; electrical work was done so that the structure had working electrical outlets and light switches; insulation was added to the walls; the walls were covered with sheetrock and painted; tile flooring was installed; a water heater was installed; an air conditioning unit was installed, a kitchen stove, refrigerator, and kitchen cabinets were installed; and the structure was completely furnished with living room, bathroom, and bedroom

4

furniture. Sookdeo Joree, [the Appellant,] and their five[-]year[-]old daughter began living in the unit.

Sookdeo Joree returned to his native country of Brazil in May 2009, after deeding to the Appellant the Washington County property on which the remodeled structure was located. The Appellant and their daughter continued to live in the structure. In an affidavit filed with the answer, the Appellant testified that she had not been involved with the contracts to purchase the units and that her husband had never discussed with her the status of payments. She was not aware of the lawsuit filed against her in Washington County and had not attempted to avoid service.

According to the answer and affidavit, in May 2013, agents for PMB Rentals cut the lock on the gate to the Appellant's property, and, despite her frenzied pleas to stop, connected a towing wrench to the middle unit of her residence, and towed the unit away, causing the rest of the structure to collapse and destroying her home.

After a hearing, the magistrate court denied the Appellant's motion to set aside the default judgment on the grounds that a motion to set aside had to be filed within 30 days of the date the judgment was issued. The Appellant filed a petition for a writ of certiorari in the superior court. In his answer to the petition, the magistrate court judge stated that he "agreed that the Judgment and Fifa should be dismissed on [the

Appellant]." However, the magistrate court denied the motion because "the rules of the Magistrate Court [do not authorize] any appeal on a Default Judgment and all motions must be made within 30 days of Judgment."

The superior court dismissed the Appellant's petition for a writ of certiorari as untimely, finding as follows:

> OCGA § 15-10-41 (b) (2) states that "no appeal shall lie from a default judgment" entered by a Magistrate Court. Review is by certiorari to the state court or superior court of said county. OCGA § 5-4-6 states that "all writs of certiorari shall be applied for within 30 days after the final determination of the case in which the error is alleged to have been committed. Applications made after 30 days are not timely and shall be dismissed by the court."[4]

This appeal followed.

"We review a trial court's ruling on a motion to dismiss de novo, viewing all allegations in the complaint as true. Thus, we owe no deference to a trial court's ruling on questions of law and review such issues de novo under the 'plain legal

---

[4] (Punctuation omitted.)

6

error' standard of review."[5] With these guiding principles in mind, we turn now to the Appellant's specific claims of error.

1. The Appellant contends that the superior court erred in dismissing her petition as untimely because she filed it within 30 days of the denial of her motion to set aside the default judgment.

OCGA § 5-4-6 (a) provides: "All writs of certiorari shall be applied for within 30 days after the final determination of the case in which the error is alleged to have been committed. Applications made after 30 days are not timely and shall be dismissed by the court."

The parties do not dispute that the Appellant filed her petition for a writ of certiorari on October 6, 2014, which was not within 30 days of the January 18, 2013 default judgment, but was within 30 days of the September 5, 2014 order denying her motion to set aside the default.[6] Thus, the Appellant's petition for certiorari was timely filed.

---

[5] *Laskar v. Bd. of Regents of the Univ. System of Ga.*, 320 Ga. App. 414 (740 SE2d 179) (2013) (citations and additional punctuation omitted).

[6] See OCGA § 1-3-1 (d) (3) (if the last day falls on Saturday or Sunday, the party shall have through the following Monday).

We turn, therefore, to the issue of whether the denial of the Appellant's motion to set aside the default judgment was reviewable by the superior court. OCGA § 15-10-41 governs appeals from magistrate court. "Subsection (b) (1) provides a general right of appeal from magistrate court judgments to state or superior court, subject to the exceptions set forth in subsection (b) (2), which by its terms, applies to review of a default judgment or dismissal for want of prosecution or of motions to vacate those orders."[7] OCGA § 15-10-41 (b) (2) provides:

> No appeal shall lie from a default judgment or from a dismissal for want of prosecution after a nonappearance of a plaintiff for trial. Any voluntary dismissal by the plaintiff or by order of the court for want of prosecution shall be without prejudice except that the filing of a second such dismissal shall operate as an adjudication upon the merits. Review, *including review of a denial of a postjudgment motion to vacate a judgment*, shall be by certiorari to the state court of that county or to the superior court of that county.[8]

Therefore, the superior court was authorized to review the denial of the Appellant's motion to set aside.

---

[7] *McKeever v. Scarver*, 348 Ga. App. 12, 14-15 (821 SE2d 98) (2018).

[8] (Emphasis supplied.)

8

Although proceedings in magistrate court are generally not subject to the Civil Practice Act,[9] "the magistrate court may grant relief from a judgment under the same circumstances as the state court may grant such relief."[10] "[E]ntry of [a] default judgment trigger[s] application of OCGA § 9-11-60 (d), which restricts to very limited circumstances a court's authority to set aside final judgments."[11] Under OCGA § 9-11-60 (d) (1), however, "[a] motion to set aside may be brought to set aside a judgment based upon [l]ack of jurisdiction over the person or the subject matter[.]" "A judgment void because of lack of jurisdiction of the person or subject matter may be attacked *at any time*."[12]

Because the Appellant based her motion to set aside the judgment on lack of personal jurisdiction, she could file it *at any time* under OCGA § 9-11-60 (f).

---

[9] OCGA § 15-10-42.

[10] OCGA § 15-10-43 (g).

[11] *Abushmais v. Erby*, 282 Ga. 619, 621 (2) (652 SE2d 549) (2007).

[12] OCGA § 9-11-60 (f) (emphasis supplied). But see *Euler-Siac S. P. A. (Creamer Spa) v. Drama Marble Co.*, 274 Ga. App. 252, 255 (1) (617 SE2d 203) (2005) ("Although a motion to set aside judgment for lack of jurisdiction may be filed at any time pursuant to OCGA § 9-11-60 (f), a waiver of the defenses of lack of personal jurisdiction and venue occurs under OCGA § 9-11-12 (h) (1) (B) when a Georgia resident who has received service of process fails to raise these defenses at the earliest opportunity.").

[R]egardless of whether a proceeding is in rem or in personam, due process requires that a chosen method of service be reasonably certain to give actual notice of the pendency of a proceeding to those parties whose liberty or property interests may be adversely affected by the proceeding. Because notice by publication is a notoriously unreliable means of actually informing interested parties about pending suits, the constitutional prerequisite for allowing such service when the addresses of those parties are unknown is a showing that reasonable diligence has been exercised in attempting to ascertain their whereabouts.[13]

Because the superior court found that the petition for certiorari was untimely, we vacate the superior court's judgment and remand the case to the superior court. The superior court is directed to vacate the magistrate court's denial of the motion to set aside the judgment and remand the case for the magistrate court to address the merits of the Appellant's motion.[14]

2. Based on our holding in Division 1, we need not address the Appellant's remaining claims of error.

*Judgment vacated and case remanded. Barnes, P. J., and McMillian, J., concur.*

---

[13] *Abba Gana v. Abba Gana*, 251 Ga. 340, 343 (1) (304 SE2d 909) (1983).

[14] See *Floyd v. Gore*, 251 Ga. App. 803, 805 (1) (555 SE2d 170) (2001) (noting that, when considering a motion to set aside a judgment, "[t]he trial court first passes upon the legality of notice[ ]" and whether reasonable diligence has been exercised).